**UNITED STATES of America,**
**Plaintiff–Appellant,**

v.

**YUAN QING JIANG, Defendant–**
**Appellee.**

**United States of America,**
**Plaintiff–Appellant,**

v.

**Gao Li, Defendant–Appellee.**

**United States of America,**
**Plaintiff–Appellant,**

v.

**Ji Hua Zheng, Defendant–Appellee.**

Nos. 99–10367, 99–10368, 99–10369.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 2, 2000

Filed June 14, 2000

Vicki S. Marani, United States Department of Justice, Washington, D.C., for the plaintiff-appellant.

Howard Trapp, Howard Trapp Inc., Hagatna, Guam; Sinforoso Tolentino, Hagatna, Guam; Jehan'Ad G. Martinez, Klemm,

Blair, Sterling & Johnson, Hagatna, Guam, for the defendants-appellees.

Before: WOOD, Jr.,[1] KLEINFELD, and GRABER, Circuit Judges.

GRABER, Circuit Judge:

■ Defendants each were indicted in the District of Guam on one count of smuggling aliens in violation of 8 U.S.C. § 1324(a)(1)(A)(i). On July 12, 1999, the district court denied the government's motion for a continuance and dismissed the indictments *with prejudice* under Federal Rule of Criminal Procedure 48(b). The government appealed, arguing that the district court should have dismissed the indictments *without prejudice*, if at all. In these consolidated appeals, we conclude that the district court did not abuse its discretion in dismissing the indictments but did abuse its discretion in dismissing the indictments with prejudice.

■ Under Rule 48(b), "if there is unnecessary delay in bringing a defendant to trial, the court may dismiss the indictment." A district court may dismiss even when the prosecutorial delay does not amount to a violation of the Sixth Amendment. *See United States v. Hattrup,* 763 F.2d 376, 377 (9th Cir.1985). But we have emphasized that, "[a]lthough the rule confers discretion upon the district judge, a Rule 48(b) dismissal 'should be imposed only in extreme circumstances.'" *United States v. Huntley,* 976 F.2d 1287, 1291 (9th Cir.1992) (quoting *United States v. Sears, Roebuck & Co.,* 877 F.2d 734, 737 (9th Cir.1989)). That is especially true when a dismissal is with prejudice. *See United States v. Gatto,* 763 F.2d 1040, 1050 (9th Cir.1985).

■ "Because of the sanction's severity, we have held that a district court abuses its discretion if it imposes the sanction of dismissal under Rule 48(b) without first satisfying the requirements of 'caution' and 'forewarning.'" *Sears,* 877 F.2d at 737–38. The term "caution" is used "in a non-obvious, technical sense" and "requires findings of prosecutorial misconduct and actual prejudice to the accused." *Huntley,* 976 F.2d at 1292.

Defendant Jiang was indicted on February 10, 1999, and arraigned on February 12. Defendants Zheng and Li were indicted on February 17, 1999. Zheng was arraigned on March 11, and Li was arraigned on May 18. The three Defendants originally were given separate trial dates: April 14 for Jiang, May 13 for Zheng, and June 7 for Li.

On April 7, the district court postponed Jiang's trial date until May 10 because of "the scheduling needs of the court." On May 6, the court consolidated Jiang's and Zheng's cases for trial and set a new trial date of May 17. Then, on May 14, the court consolidated Li's case with those of the other two defendants and scheduled the three for trial on June 7.

On May 21, Li moved for a postponement of his trial until a date between June 14 and July 23, 1999. On May 28, the district court severed Li's trial from those of the other defendants and rescheduled his trial for July 12, 1999.

Nor did Jiang or Zheng go to trial on June 7, as scheduled. On May 28, Zheng's counsel had moved to withdraw from representing him. Moreover, Jiang's counsel was to appear at another trial on June 7. On June 4, the district court issued an order continuing the trial until June 10, and also scheduled a hearing on the motion to withdraw.

That hearing was held on June 9, 1999. Present were counsel for Zheng and Jiang,

**1.** The Honorable Harlington Wood, Jr., Senior United States Circuit Judge for the Seventh Circuit, sitting by designation.

as well as Karon Johnson, the Assistant United States Attorney who was prosecuting Defendants. At the hearing, the district court permitted Zheng's counsel to withdraw on the condition that new counsel be obtained. The court also expressed its preference for reconsolidating the three cases, and rescheduling them, after new counsel had been appointed for Zheng. Johnson informed the court that she had scheduled 10 weeks of "home leave," but stated that she would try to split her leave to accommodate a new trial date.

Johnson also informed the court that she and defense counsel had discussed a trial date in the first week of August, which would allow Zheng's new court-appointed lawyer slightly more than 30 days to prepare for trial. The court stated that a trial during the first week of August was not possible due to the court's scheduling conflicts. Johnson then suggested the second week in August, to which the court responded, "That sounds more palatable." Jiang's counsel informed the court that he had a trial scheduled for that week, but said that he would attempt to reschedule that trial. The court then told the parties that it would choose a new trial date and said, "I'll try to accommodate your schedules."

On June 14, the court appointed new counsel for Zheng. On June 23, that counsel filed a motion asking that the court schedule his client's trial for a date after July 22.

On June 22, Johnson left Guam for home leave in Minnesota. Before she left, she consulted the district court's clerks and was informed that these cases would not be tried until after she returned to Guam in August. However, Johnson did not confirm the clerks' statements with the district court or obtain anything from the court in writing.

On July 1, the district court reconsolidated all three cases and scheduled trial for July 12. Assistant United States Attorney Mark Kondas learned of the new trial date and attempted to contact Johnson in Minnesota, but was unable to do so

until July 7. Because Johnson was unable to return to Guam by July 12, Kondas asked the three defense counsel to agree to postpone the trials. Defense counsel agreed, and all three signed a written document stipulating to continue the trials until August 9.

The district court refused to accept the parties' stipulation. Kondas then moved for a continuance until August 9 to preserve continuity of counsel, as provided in 18 U.S.C. § 3161(h)(8)(B)(iv). The district court held a hearing on July 12 to consider that motion. At the hearing, Kondas represented that the government was unprepared to go to trial without Johnson, because no other attorney in the office was available to try these cases. Notwithstanding their earlier stipulation, Defendants opposed the continuance.

The district court denied the motion for continuance and dismissed the case with prejudice under Rule 48(b). After concluding that the requirements of forewarning and prosecutorial misconduct were met, the court concluded that Defendants would be substantially prejudiced by postponing their trials from July 12 to August 9, because such a postponement would result in their spending approximately one month of additional time in jail before trial. The court also noted that counsel for Zheng and Li had argued that further delays would violate the Speedy Trial Act. However, the court did not make any specific findings or calculations regarding the time limits in the Speedy Trial Act and, as noted, did not dismiss pursuant to that Act.

On July 9, the district court informed the government that the cases might be dismissed with prejudice. Accordingly, the requirement of forewarning is satisfied. Further, we assume for purposes of this appeal that Johnson's failure to obtain written confirmation of the new trial date from the district court, coupled with the government's failure to provide a lawyer to try the cases on July 12, constituted prosecutorial misconduct sufficient to justify dis-

missal. However, we disagree with the district court's conclusion that Defendants demonstrated actual prejudice sufficient to justify dismissal *with prejudice.*

█ We review the district court's finding of actual prejudice for clear error, "but in applying that standard, 'we must keep the defendant's heavy burden in mind.' " *Huntley,* 976 F.2d at 1290 (quoting *United States v. Moran,* 759 F.2d 777, 782 (9th Cir.1985)). The "actual prejudice" to which the court referred was an additional period of incarceration of less than one month. The court made no finding—and the parties make no argument—that the delay would have resulted in loss of evidence, unavailability of witnesses, or any other circumstance that would have detracted from their ability to mount effective defenses. At the time the court dismissed the indictments, Jiang and Zheng had been incarcerated for less than five months, and Li for less than two months. Although further incarceration of one month qualifies as "actual prejudice" sufficient to justify dismissal under Rule 48(b), that prejudice could as easily have been remedied by a dismissal *without prejudice.* That lesser sanction was available to the district court. *See Gatto,* 763 F.2d at 1050.

Nor do the district court's references to the Speedy Trial Act constitute a finding of prejudice sufficient to justify dismissal with prejudice. No Defendant moved to dismiss on that basis; the district court made no findings and conducted no analysis to determine whether further delay would, in fact, have violated the Act; Defendants do not argue on appeal that postponement of the trial would have violated the Act;[2] and, again, to the extent that the district court was concerned about violations of the Act, its concerns could have been assuaged by the less severe sanction of dismissal without prejudice.

Further, as noted, the district court's finding of prejudice is severely undermined by the fact that, only five days before the district court dismissed the cases, Defendants all had stipulated to the government's request to continue the trials until August 9. Additionally, Zheng had asked for a trial date *after* July 22.

Finally, in the circumstances presented we will not presume prejudice from the delay in bringing Defendants to trial. This court has acknowledged the possibility that, for purposes of Rule 48(b), a sufficiently lengthy delay might be presumptively prejudicial. *See Sears,* 877 F.2d at 738 n. 3. However, the *Sears* court refused to presume prejudice from a five-month delay. *See id.* Here, the government's requested trial date, August 9, was less than six months after Defendants were indicted. Consistent with *Sears,* we conclude that that delay, less than one month of which was attributable to the government's asserted misconduct, was not presumptively prejudicial.

█ We do not question the district court's undoubted authority to control its trial docket or to discourage counsel from leaving Guam in reliance on oral representations by court clerks. But dismissal *with prejudice* under Rule 48(b) is an extreme sanction that is "appropriate only where there is delay that is purposeful or oppressive." *Sears,* 877 F.2d at 739 (citation and internal quotation marks omitted). Here, that sanction was an abuse of discretion.

REVERSED and REMANDED with instructions to dismiss the indictments without prejudice.

2. Defendant Li asserts on appeal that the district court found a violation of Defendants' Sixth Amendment speedy trial rights. That assertion is not borne out in the record. Further, Li's argument that delaying his trial until August 9 would have violated the Sixth Amendment is unpersuasive, especially in view of the fact that his original trial date was only two months earlier and his rescheduled trial date, July 12, was less than one month earlier.