**UNITED STATES of America,
Plaintiff,**

v.

**Miguel Doningo GREGORY, Challa Johnson, Defendants.**

**No. CR. 99–00494–SOM.**

United States District Court,
D. Hawaii.

Aug. 3, 2001.

Thomas Muehleck, Assist. U.S. Atty., Office of U.S. Atty., Honolulu, HI, for plaintiff.

Philip H. Lowenthal, Lowenthal & August, Wailuku, HI, for Miguel Doningo Gregory, defendant.

James A. Bustamante, San Francisco, CA, for Challa Johnson, defendant.

*ORDER GRANTING DEFENDANT MIGUEL DONINGO GREGORY'S MOTION TO DISMISS THIRD SUPERSEDING INDICTMENT; ORDER DENYING DEFENDANT CHALLA JOHNSON'S MOTION TO DISMISS THIRD SUPERSEDING INDICTMENT.*

MOLLWAY, District Judge.

## I. *INTRODUCTION.*

This case presents the unusual circumstance in which a defendant pleads guilty to the charges in an indictment, is sentenced to a prison term, and then, after he has completed that prison term, faces related charges in a superseding indictment in the same case.

Defendants Miguel Doningo Gregory ("Gregory") and Challa Johnson ("Johnson") (collectively "Defendants"), who are married to each other, are charged with one count of aiding and abetting persons in the possession of marijuana with intent to distribute, one count of knowingly and intentionally conspiring to distribute and to possess with intent to distribute marijuana, and nine counts of money laundering. When initially charged with only the drug offenses, Gregory pled guilty. He was sentenced to prison and completed his prison term, only to face the money laun-

dering charges in the Third Superseding Indictment. Johnson is facing trial on both the drug and money laundering counts, having pled not guilty to all charges.

Defendants have moved to dismiss the Third Superseding Indictment on the grounds that the government: (1) violated their rights to a speedy trial under the Sixth Amendment; (2) denied their due process rights through preindictment delay; and (3) violated Rule 48(b) of the Federal Rules of Criminal Procedure. Additionally, Johnson moves to dismiss the Third Superseding Indictment because of prosecutorial vindictiveness. The court grants Gregory's motion to dismiss because: (1) the government was negligent in delaying the Third Superseding Indictment to add money laundering charges; (2) Gregory has shown substantial prejudice as a result of the delay; and (3) the delay, when balanced against the government's reasons for it, offends the fundamental conceptions of justice that lie at the base of our civil and political institutions. The court denies Johnson's motion to dismiss because she has shown no actual prejudice and she has failed to raise a presumption of vindictive prosecution.

## II. *BACKGROUND.*

On September 22, 1999, Betsy Morales ("Morales") and her boyfriend, Jason Pain ("Pain"), were arrested at the Kahului Airport for transporting approximately 16 pounds of marijuana from Los Angeles to Maui. Morales and Pain appeared in court the next day. Each was released on a $25,000 signature bond. On October 1, 1999, Morales and Pain were indicted by a federal grand jury on drug charges.

Following his arrest, Pain was debriefed by law enforcement agents. At this debriefing, Pain implicated Morales, Gregory, and Johnson in a drug trafficking con-

spiracy. Johnson was Gregory's girlfriend at the time. Pain told the agents that he and Morales had sold marijuana on Maui for Gregory during the four months before their arrest. Pain said that he had been instructed by Gregory to deposit any money from marijuana sales into Johnson's savings account.

Between October 7, 1999 and October 12, 1999, the government made controlled deposits into Johnson's account through Pain. During this time, Pain kept the government informed of Gregory's actions and whereabouts. Gregory was arrested on October 15, 1999. Gregory appeared in court and was ordered released on a $10,000 bond on October 19, 1999.

The government subpoenaed some of Johnson's bank records in October 1999. *See* Declaration of Special Agent Jason Pa (July 31, 2001) ("Pa Dec.") ¶¶ 2, 5. Specifically, in October 1999, the government requested and received copies of the signature card and statements for Johnson's Savings Account No. 6001–456715 ("savings account") for the period between June 13, 1997 through October 1, 1999 from the Bank of Hawaii (the "Bank"). *See id.* ¶ 2. At that time, the government did not request and did not receive copies of the front and back of the deposit slips or the items used to make the deposits into the savings account between June 13, 1997 and October 1, 1999. *See id.* The government also requested and received copies of the signature card and statements for Johnson's Checking Account No. 0080–218362 ("checking account") for the period between September 24, 1997 through September 20, 1999.[1] *See id.* ¶ 5.

The First Superseding Indictment was filed on October 28, 1999, charging Morales, Pain, and Gregory with conspiracy to distribute marijuana ("Count 1"), and possession with intent to distribute approximately 16 pounds of marijuana ("Count 2"). On February 1, 2000, Morales and Pain pled guilty to the drug charges without plea agreements. Thereafter, they continued to be released on bail.

On February 17, 2000, a Second Superseding Indictment was filed that repeated the earlier charges against Gregory and added Johnson to those same charges. Johnson was arrested pursuant to the Second Superseding Indictment on February 24, 2000.

After Johnson's arrest, the government sought Gregory's cooperation against Johnson. The government threatened to file additional money laundering charges against Gregory if he did not cooperate. Gregory refused to cooperate.

On March 13, 2000, Gregory pled guilty to both counts of the Second Superseding Indictment without a plea agreement, while asserting that Johnson had not been involved in illegal activities. Gregory was sentenced by this court to 247 days of imprisonment, eight months of home detention, and three years of supervised release. Gregory has completed his periods of imprisonment and home detention.

In September 2000, almost a year after it had arrested Morales and Pain, the government resumed its investigation of money laundering. The government requested and received copies of statements for Johnson's savings account for the period

---

1. In October 1999, Special Agent Jason Pa may have received copies of the front and back of the deposit slips, along with the items used to make the deposits, for deposits made to the checking account between September 24, 1997 and September 20, 1999. *See* Letter dated July 30, 2001, from Scott Takahashi of Bank of Hawaii to James Bustamante (identifying what bank records were given by the Bank to Pa on what dates). However, Pa says that he recalls receiving only copies of the signature card and statements for the checking account and not any other items at that time. *See* Pa Dec. ¶ 5.

between October 1, 1999 and January 31, 2000. *See* Pa Dec. ¶ 4. The government also asked for and received copies of the front and back of the deposit slips, along with the items used to make the deposit, for deposits made to the savings account between June 13, 1997 and January 5, 2000. *See id.*

The government also requested, in September 2000, copies of the front and back of the cancelled checks for the checking account and any other additional information on file to determine how the funds deposited in the checking account had been used. *See id.* ¶ 6. The Bank provided copies of statements for the checking account for the period between September 21, 1999 and April 19, 2000. *See id.* The Bank also provided copies of the front and back of the deposit slips, along with the items used to make the deposit, for deposits made in November 1999. *See id.* The Bank provided cancelled checks for the period between April 13, 1999 and December 30, 1999. *See id.*

Johnson's jury trial was set for March 20, 2001. Johnson informed the government in March 2001 that she might call Gregory as a witness. On March 14, 2001, four working days before Johnson's trial was scheduled to start, a Third Superseding Indictment was filed against Gregory and Johnson. The Third Superseding Indictment repeated the two drug charges against Johnson and added nine money laundering counts ("Counts 3 to 11") against Johnson and Gregory. By the time the Third Superseding Indictment was filed, Gregory had completed his prison term for the drug charges.

The government claims that it did not obtain the Third Superseding Indictment earlier because it had not received all of Johnson's bank records until September 2000. *See* Pa Dec. ¶¶ 4, 6. The government says the deposit slips and items used to make the deposits, obtained in September 2000, helped the government identify who had made certain deposits, as well as the nature of the deposits, matters not discernible from the account statements alone. The government also asserts that Special Agent Pa, who was the primary agent on the case, and the Assistant United States Attorney assigned to this case were both extremely busy working on several other complex matters in the spring and summer of 2000 and could not interview several witnesses in the present case until March 2001.

Given the Third Superseding Indictment, trial was continued until August 14, 2001.

## III. *ANALYSIS.*

Defendants argue that the delayed filing of the Third Superseding Indictment: (1) violated their rights to a speedy trial under the Sixth Amendment; (2) constituted excessive preindictment delay in violation of the Fifth Amendment; and (3) constituted unreasonable delay under Rule 48 of the Federal Rules of Criminal Procedure. Johnson additionally argues that her due process rights were violated by prosecutorial vindictiveness.[2]

### A. *Sixth Amendment.*

██ The Sixth Amendment guarantees that in all "criminal prosecutions the accused shall enjoy the right to a speedy trial." *United States v. Beamon,* 992 F.2d 1009, 1012 (9th Cir.1993). Speedy trial challenges are subject to the four-part balancing test adopted by the Supreme Court in *Barker v. Wingo,* 407 U.S. 514, 530, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972). That test requires the court to balance the "[l]ength of delay, the reason for the delay, the defendant's assertion of his right, and

---

**2.** Gregory did not join in Johnson's motion to dismiss for prosecutorial vindictiveness.

prejudice to the defendant." *Id.* "No single factor is either necessary or sufficient to establish a violation." *United States v. Turner,* 926 F.2d 883, 888 (9th Cir.1991). Rather, the court must consider the factors "together with such other circumstances as may be relevant" and must "engage in a difficult and sensitive balancing process." *Barker,* 407 U.S. at 533, 92 S.Ct. 2182.

1. *Length of the Delay.*

 "To trigger a speedy trial inquiry, an accused must show that the period between indictment and trial passes a threshold point of presumptively prejudicial delay." *Beamon,* 992 F.2d at 1012. If this threshold is not met, the court does not proceed with the other *Barker* factors. *See id.* If, however, the threshold showing is made, the court must consider the extent to which the delay exceeds the threshold point in light of the degree of diligence by the government and acquiescence by the defendant to determine whether sufficient prejudice exists to warrant relief. *See id.*

Gregory and Johnson pass the threshold test. Delay, for Sixth Amendment purposes, "is measured from the time of the indictment to the time of trial, excluding periods during which the indictment is dismissed." *United States v. Sears, Roebuck & Co., Inc.,* 877 F.2d 734, 739 (9th Cir. 1989). Courts generally have found delays approaching one year to be "presumptively prejudicial," *Doggett v. United States,* 505 U.S. 647, 652 n. 1, 112 S.Ct. 2686, 120 L.Ed.2d 520 (1992), although some have found the line crossed at an earlier point. *See, e.g., United States v. Vassell,* 970 F.2d 1162, 1164 (2d Cir.1992) (suggesting that there is a general consensus of about eight months).

 Gregory was initially indicted on October 28, 1999. The Third Superseding Indictment against Gregory was filed on March 14, 2001, over 17 months later. The delay between Gregory's original indictment and his trial date of August 14, 2001 is over 22 months.[3] The delay is so long that, in the interim, Gregory has pled guilty and served his prison term on the counts in the original indictment. His trial will therefore not include the charges in the original indictment.

The court recognizes that the Ninth Circuit has not addressed the issue of whether the delay should be measured from an original indictment or a superseding indictment under the Sixth Amendment Speedy Trial Clause. *See Sears,* 877 F.2d at 739 (noting the absence of discussion as to how the calculation is made under the Sixth Amendment Speedy Trial Clause in a case with an original and a superseding indictment, and declining to address that issue). However, the Ninth Circuit has noted that, "[w]hile a superseding indictment requires a rearraignment, it does not create a new case with its own, independent identity." *United States v. Hoslett,* 998 F.2d 648, 658 (9th Cir.1993). Although the Third Superseding Indictment added new charges to the original indictment and Gregory's trial will not include any charges in the original indictment, the new charges were based on the same facts and circumstances involved in the original indictment. The new charges were brought in the very same criminal case, so that the delay affects Gregory's trial in this very case. Even if a delay should sometimes be measured from the time a superseding indictment is filed, it makes sense given the circumstances of the present case for the court in this instance to look to the date of the original indictment.

---

**3.** The trials for Johnson and Gregory were severed, with the first trial scheduled for August 14, 2001.

Measuring the delay that Johnson suffered is an easier process. Johnson was first charged in the Second Superseding Indictment. The charges in the Third Superseding Indictment were filed against her a little over a year later. This caused a delay of over 17 months between her original indictment and presently scheduled trial. The court concludes that the delay for both Defendants was sufficiently long to trigger application of *Barker*'s other factors.

### 2. *Reason for the Delay.*

■ "The flag all litigants seek to capture is the second factor, the reason for delay." *United States v. Loud Hawk,* 474 U.S. 302, 315, 106 S.Ct. 648, 88 L.Ed.2d 640 (1986). A deliberate attempt to delay the trial in order to hamper the defense should be weighed heavily against the government. *Barker,* 407 U.S. at 531, 92 S.Ct. 2182. A more neutral reason such as negligence should weigh against the government less heavily, but nonetheless should be considered because the ultimate responsibility for such circumstances must rest with the government rather than a defendant. *Id.* A delay for valid and justifiable reasons should not weigh against the government at all. *Id.*

The government argues that it was diligent in its investigation of money laundering under the circumstances. The government contends that any delay was caused by its need for bank records not received from the Bank until September 2000. Without this information, the government claims, it did not have enough evidence to indict Johnson and Gregory on the money laundering charges. The government asserts that other cases and responsibilities prevented earlier gathering of evidence relating to the money laundering charges.

Although there has been no showing of bad faith or dilatory purpose on the government's part in connection with its failure to obtain records until September 2000, the government did not act with appropriate diligence in investigating Defendants for money laundering. The government could have brought the money laundering charges contained in the Third Superseding Indictment well before March 14, 2001. The government admits that it was aware that money laundering offenses may have been committed by Gregory at the time of his arrest in October 1999. The government subpoenaed and received some of Johnson's bank records as early as October 1999. Although the records that the government received in October 1999 may not have had sufficient information to justify money laundering charges, the government should have promptly requested any additional records that it needed. The government was negligent in its investigation because it waited until September 2000 to make further requests that could have been made in October or November 1999.

Each time the Bank was subpoenaed, it provided the information requested by the government within two weeks. The government therefore should have had all the information necessary to indict Defendants on the money laundering charges in December 1999, at the latest. The court notes further that bank records were not required for money laundering charges relating to deposits into Johnson's account that Pain made at the request of and in cooperation with the government. For those controlled deposits, the government was in possession of complete information independent of bank records.

There were no legitimate prosecutorial objectives that justified the government's delay. Although the court understands that the investigating law enforcement agent and the prosecuting attorney were working very hard on other cases, the

press of other work cannot completely excuse the delay. While investigators obviously need time to sleep and eat, and there may have been barely enough time for that, this court cannot help wondering why the agent and the attorney in this case could not have obtained further assistance from colleagues. The court will not be satisfied with a response to the effect that the agent and attorney are expected by their offices to handle their own cases. While the government's inaction may reflect no more than Defendants' relative unimportance to the government in the world of drug trafficking, it still constitutes negligence.

It is significant to the court that, during this lengthy delay, the government did have time to go to the grand jury and obtain the Second Superseding Indictment. Preparing and presenting the money laundering charges in the Third Superseding Indictment may well have required additional time, but the obtaining of the Second Superseding Indictment at least establishes that other cases were not so pressing as to totally preoccupy the government. Given these circumstances, the court finds that the second factor in *Barker* weighs in favor of Defendants.

### 3. *Assertion of Rights.*

The filing of the Third Superseding Indictment only four working days before Johnson's scheduled trial necessitated continuation of the trial until August 14, 2001. Defendants brought timely motions to dismiss the Third Superseding Indictment by pretrial motion. Accordingly, neither Defendant can be faulted for contributing to the delay. "But while an improper or untimely assertion of speedy trial rights may weigh in favor of rejecting a defendant's motion to dismiss for violation of these rights, the mere fact of proper, timely assertion does not warrant dismissal." *Turner*, 926 F.2d at 889. This factor is neutral.

### 4. *Prejudice.*

The remaining factor is prejudice. "No showing of prejudice is required when the delay is great and attributable to the government." *Beamon*, 992 F.2d at 1013 (quotation omitted). However, if the delay is only a few months longer than the minimum, the court must consider the amount of delay in relation to particularized prejudice. *See id.* at 1014. The delay in this case is not so great as to relieve Defendants of the burden of coming forward with a showing of actual prejudice. *See id.* (holding that delays of 17 and 20 months are insufficient as a matter of law to relieve a defendant of the burden of showing actual prejudice).

"Traditionally, actual prejudice can be shown in three ways: oppressive pretrial incarceration, anxiety and concern of the accused, and the possibility that the accused's defense will be impaired." *Id.* Defendants do not assert that they suffered oppressive pretrial incarceration or anxiety and concern. Accordingly, Defendants must establish that the delay impaired their ability to prepare a defense. *Id.*

Johnson has failed to show that she suffered actual prejudice from the delay. At most, Johnson has demonstrated the possibility of prejudice from the absence or loss of her witnesses' memories. However, the mere possibility that a fair trial will be impaired through the absence or loss of memory is not sufficient to establish that speedy trial rights have been violated. *See Sears*, 877 F.2d at 740. Johnson only argues that the delay has prejudiced her ability to mount a defense to the charges; she fails to point to any witness or evidence that has been lost to her because of the delay.

Gregory, on the other hand, has established actual prejudice. Gregory pled

guilty to Counts 1 and 2 of the Second Superseding Indictment. In doing so, Gregory made admissions under oath to some of the predicate facts that the government must prove under the Third Superseding Indictment. Although the government offered not to use Gregory's statements in its case in chief, the statements could still be used to impeach Gregory's testimony if he were to testify at trial. The availability of this impeachment affects Gregory's analysis as to whether to testify on his own behalf at trial. *See Rock v. Arkansas,* 483 U.S. 44, 49–53, 107 S.Ct. 2704, 97 L.Ed.2d 37 (1987) (noting that the right to testify on one's own behalf is a fundamental right secured by the Sixth and Fourteenth Amendments). Thus, the delay in the filing of the Third Superseding Indictment until after Gregory pled guilty limits his ability to testify at the upcoming trial.

The delay also presents difficulties in sentencing if Gregory is convicted on the money laundering counts. If the Third Superseding Indictment had been filed before Gregory pled guilty, the drug and money laundering offenses would have been grouped together for sentencing purposes under the United States Sentencing Guidelines, as the offenses were part of the same course of conduct. Because the Third Superseding Indictment was filed after Gregory pled guilty and had served his prison sentence on the drug trafficking charges, the offenses cannot be grouped. Gregory cannot receive credit for the time

served on the drug trafficking charges against any money laundering sentence he may receive. If Gregory is convicted on the money laundering charges, he will have to seek a downward departure if he is to avoid facing more prison time than he would have faced had those charges been made before he pled guilty to the drug trafficking charges. Gregory has no guarantee that the court will exercise its discretion and downwardly depart. The need to rely on the possibility of a discretionary departure may itself constitute prejudice, when a defendant would otherwise be automatically entitled to grouping. *See, e.g., Smith v. Hooey,* 393 U.S. 374, 378, 89 S.Ct. 575, 21 L.Ed.2d 607 (1969) (holding that a delay in bringing a defendant to trial on pending charges may result in prejudice if it eliminates the possibility of serving concurrent sentences).

 The court recognizes that it is here considering sentencing prejudice that the parties have not addressed and that is arguably speculative, rather than actual. If Gregory were convicted after trial, the court could conceivably grant a downward departure based on Gregory's lost opportunity to have the offenses grouped. *See United States v. Sanchez–Rodriguez,* 161 F.3d 556 (9th Cir.1998). The court cannot, however, predict at this time whether it would downwardly depart. The court is concerned that consideration of this factor only *after* a downward departure has been denied may be too late. A defendant may by then have been found guilty and taken into custody.[4] Moreover, even if the court

---

4. A longer sentence resulting from the addition of offenses in a superseding indictment is not, by itself, evidence of prejudice under the Sixth Amendment. In *United States v. Turner,* 926 F.2d 883 (9th Cir.1991), the defendants argued that they had been prejudiced by delay because the superseding indictment alleged more serious crimes and led to a longer sentence. *See id.* at 889. The Ninth Circuit held that this was "not the sort of prejudice" rec-

ognized "as a Sixth Amendment violation." *Id.*

*Turner* is distinguishable from the present case. Although the addition of charges that enhance a defendant's sentence alone is not the type of prejudice protected by the Sixth Amendment, the addition of charges that enhance a defendant's sentence solely because of the delay in bringing the charges is exactly the type of prejudice protected under the

grants a downward departure, the need to seek discretionary relief may influence Gregory's analysis of what actions to take before and during the trial on the money laundering charges.. For these reasons, the court raises these sentencing issues even though the effect of the delay on Gregory's decision to testify or not is, by itself, sufficient to establish actual prejudice.

In summary, having balanced the government's negligence, Johnson's assertion of her Sixth Amendment rights, the presumption of prejudice, and the tenuous showing of actual prejudice, the court determines that Johnson is not entitled to the dismissal of the Third Superseding Indictment on Sixth Amendment grounds. *See Beamon,* 992 F.2d at 1014 (holding that the government's negligence was outweighed by the tenuous showing of actual prejudice and that the defendants were not entitled to dismissal of the indictment). While the government's negligence caused a delay long enough to trigger a speedy trial inquiry under *Barker,* the delay to Johnson was not sufficient to excuse her from any showing of actual prejudice. Johnson has failed to demonstrate any ac-

tual prejudice. On these facts, Johnson is not entitled to relief.

Gregory, however, is entitled to dismissal of the Third Superseding Indictment against him on Sixth Amendment grounds. The first, second, and fourth *Barker* factors weigh in favor of Gregory. The government's delay was long enough to trigger concerns under *Barker.* Moreover, the government was negligent in pursuing its investigation of the money laundering charges, and Gregory suffered actual prejudice as a result of the government's delay in seeking the Third Superseding Indictment and bringing Gregory to trial. Accordingly, the Third Superseding Indictment against Gregory is dismissed on the basis that it violates Gregory's Sixth Amendment right to a speedy trial.[5]

### B. *Preindictment Delay.*

 Besides being entitled to dismissal on Sixth Amendment grounds, Gregory is, in the alternative, entitled to dismissal on Fifth Amendment grounds. The Fifth Amendment guarantees that defendants will not be denied due process as a result of excessive preindictment delay. *United States v. Sherlock,* 962 F.2d 1349,

---

Sixth Amendment. In *Turner,* the defendant's longer sentence was not caused by any delay in the trial. Rather, it was caused by the addition of new charges for more serious crimes. Even if the additional charges had been brought in the original indictment, the sentence in *Turner* would have remained the same. In the present case, however, if the money laundering charges had been brought earlier, they would have been grouped with the drug charges for sentencing purposes. Accordingly, the sentence Gregory faces if guilty of money laundering is directly affected by the government's delay, and the general rule recognized in *Turner* is not applicable.

5. The government argues that the timing of an indictment is solely within its discretion and that Defendants cannot tell the government when to file an indictment. *See United States v. Lovasco,* 431 U.S. 783, 794–95, 97

S.Ct. 2044, 52 L.Ed.2d 752 (1977). The court recognizes that the government has a right to continue its investigation against a defendant even after the initial indictment. *See Massiah v. United States,* 377 U.S. 201, 207, 84 S.Ct. 1199, 12 L.Ed.2d 246 (1964). It is true that the Due Process Clause does not require the government to indict people as soon as it has enough proof, and that the government has the discretion to file an indictment at any time before the statute of limitations expires. *Lovasco,* 431 U.S. at 794–95, 97 S.Ct. 2044. However, there is a limited exception to this rule. The government cannot violate a defendant's constitutional rights by the delay. *See United States v. Huntley,* 976 F.2d 1287, 1290 (9th Cir.1992) (recognizing that a dismissal of an indictment is required for preindictment delay if the delay violates the defendant's right to a speedy trial under the Sixth Amendment, or the defendant's due process rights).

1353 (9th Cir.1989). Courts apply a two-part test to determine whether preindictment delay has denied due process: (1) the defendant must prove actual, nonspeculative prejudice from the delay; and (2) the length of the delay, when balanced against the reason for the delay, must offend those fundamental conceptions of justice that lie at the base of our civil and political institutions. *Id.* at 1353–54.

A defendant's burden of proving that a preindictment delay caused actual prejudice is heavy. The proof must be definite and not speculative. "To demonstrate the actual prejudice required before the second part of the test is triggered, a defendant must show more than the mere loss of testimony, which generally is protected against by the statute of limitations." *United States v. Dudden*, 65 F.3d 1461, 1466 (9th Cir.1995).

 As noted above, Johnson has not demonstrated any actual prejudice. Gregory, however, has shown more than the mere loss of testimony. He has demonstrated that the preindictment delay is prejudicing his defense. The government's delay has resulted in Gregory's having admitted several of the elements of a money laundering charge. The delay has prejudiced Gregory by inhibiting his constitutional right to choose to testify on his own behalf at trial.

This prejudice, when balanced against the government's negligence, offends those fundamental conceptions of justice that lie at the base of our civil and political institutions. The government has offered no legitimate prosecutorial objectives for the delay. The government failed to indict Gregory on money laundering within a reasonable period of time. The government waited until after Gregory had admitted several predicate facts of a money laundering charge. In fact, the government did not bring the Third Superseding Indictment until after Gregory had completed the prison term of his sentence for the drug trafficking charges! Gregory is entitled to dismissal of the Third Superseding Indictment against him on the alternative ground of preindictment delay.

### C. *Rule 48(b).*

 Defendants also seek dismissal on the basis of Rule 48(b), which provides that "a court may dismiss the indictment" if there has been "unnecessary delay" in seeking an indictment or in bringing a defendant to trial. *See United States v. Yuan Qing Jiang*, 214 F.3d 1099, 1101 (9th Cir.2000). "A district court may dismiss even when the prosecutorial delay does not amount to a violation of the Sixth Amendment." *Id.* Although the rule confers discretion upon the district judge, a Rule 48(b) dismissal should be imposed only in extreme circumstances. *Sears*, 877 F.2d at 737. Because of the severity of dismissal under Rule 48(b), a district court may impose the sanction of dismissal only after satisfying the requirements of "caution" and "forewarning." *Yuan Qing Jiang*, 214 F.3d at 1101 (quoting *Sears*, 877 F.2d at 737–38).

 "The term 'caution' is used in a non-obvious technical sense and requires finding prosecutorial misconduct and actual prejudice to the accused." *Yuan Qing Jiang*, 214 F.3d at 1101. "In general, dismissal under Rule 48(b) is appropriate only where there is delay that is purposeful or oppressive." *Sears*, 877 F.2d at 739. Defendants have not satisfied the "caution" requirement because they have not shown that the government purposefully delayed the Third Superseding Indictment. As noted above, the government was merely negligent in delaying the bringing of the Third Superseding Indictment.

 The "forewarning" requirement also was not satisfied in this case. The "forewarning" requirement applies not

only to the period between indictment and trial but also to the preindictment period. A court must forewarn the government, either by order or by general rule applicable throughout the district, that an indictment will be dismissed for preindictment delay of a particular magnitude. *See United States v. Huntley*, 976 F.2d 1287, 1292 (9th Cir.1992) (holding that, absent forewarning by the court, an indictment cannot be dismissed under Rule 48(b) simply because of unnecessary delay). Because Defendants have not established that the "caution" and "forewarning" requirements were satisfied under Rule 48(b), the Third Superseding Indictment cannot be dismissed on this ground.

### D. *Prosecutorial Vindictiveness.*

■ Johnson moves to dismiss the Third Superseding Indictment on the additional ground of prosecutorial vindictiveness. Vindictive prosecution occurs when a prosecutor brings additional charges solely to punish the defendant for exercising a constitutional or statutory right. *See United States v. Van Doren*, 182 F.3d 1077, 1081–82 (9th Cir.1999). "To punish a person because he has done what the law plainly allows him to do is a due process violation of the most basic sort." *United States v. Goodwin*, 457 U.S. 368, 372, 102 S.Ct. 2485, 73 L.Ed.2d 74 (1982). "For while an individual certainly may be penalized for violating the law, he just as certainly may not be punished for exercising a protected statutory or constitutional right." *Id.*

■ A defendant alleging vindictive prosecution has the burden of showing an appearance of vindictiveness. *United States v. Edmonds*, 103 F.3d 822, 826 (9th Cir.1996). The appearance gives rise to a presumption of vindictiveness, and the burden shifts to the government to show that its decisions were justified. *See id.* There is an appearance of vindictiveness

when there is a reasonable likelihood that the prosecutor would not have filed charges but for hostility towards the defendant because the defendant exercised his or her legal rights. *See United States v. Gallegos–Curiel*, 681 F.2d 1164, 1169 (9th Cir.1982).

■ Johnson argues that the government brought the additional money laundering charges against her in retaliation for: (1) the exercise of her right to proceed to trial rather than plea bargain; and (2) the exercise of her right to compel Gregory, who is now her husband, to testify on her behalf. Johnson has presented no evidence demonstrating actual vindictiveness by the government when it filed the Third Superseding Indictment. Johnson nevertheless maintains that she established a presumptive "appearance of vindictiveness" because the Third Superseding Indictment was filed four working days before trial and after the government had been notified that she intended to call Gregory as a witness. Johnson argues that the burden has shifted to the government to show that the Third Superseding Indictment was not motivated by vindictiveness, and she contends that the prosecution has failed to meet its burden.

■ Johnson's argument is misplaced. In *United States v. Goodwin*, 457 U.S. 368, 102 S.Ct. 2485, 73 L.Ed.2d 74 (1982), the Supreme Court held that a prosecutor's decision to file additional charges against a defendant after the defendant has refused to plead guilty does not give rise to a presumption of vindictive prosecution. *See id.* at 382–83, 102 S.Ct. 2485. The Ninth Circuit has also recognized that, during plea negotiations, prosecutors may threaten additional charges and carry out this threat, and that the filing of additional charges after a defendant refuses to plead guilty does not raise a presumption of

vindictiveness. *Van Doren,* 182 F.3d at 1082. Accordingly, Johnson fails to raise a presumption of vindictive prosecution on the basis of the government's decision to file additional charges after she refused to plead guilty.

Nor has the government's filing of the Third Superseding Indictment deprived Johnson of her Sixth Amendment right to "compulsory process for obtaining witnesses in [her] favor." U.S. Const. amend. VI. The fact that additional money laundering charges were brought against Johnson does not prevent Gregory from testifying in Johnson's favor. Any impediment to Gregory's testifying on Johnson's behalf arises out of additional charges against Gregory, which may give him concern about possible self-incrimination, not out of additional charges against Johnson. Johnson lacks standing to challenge the bringing of additional charges against Gregory. Moreover, Johnson offers only speculation that Gregory will no longer testify on her behalf. In any event, as this court now dismisses the additional charges against Gregory, any impediment arising out of the delayed filing of the Third Superseding Indictment has been removed.

There is no evidence that the government acted with actual vindictiveness in filing the Third Superseding Indictment. Absent a presumption of vindictiveness, no due process violation has been established. The court denies Johnson's motion to dismiss on this ground.

## IV. *CONCLUSION.*

The court grants Gregory's motion to dismiss the Third Superseding Indictment against him because the delayed filing of the Third Superseding Indictment violated his right to a speedy trial under the Sixth Amendment and constituted excessive preindictment delay in violation of the Fifth Amendment.

The court denies Johnson's motion to dismiss the Third Superseding Indictment because she has shown no actual prejudice and has failed to raise a presumption of vindictive prosecution. Johnson's trial shall commence on August 14, 2001.

IT IS SO ORDERED.