

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.    16-50271 |
| Plaintiff-Appellee, | D.C. No. 2:14-cr-00297-VAP-1 |
| v. | |
| LARON DARRELL CARTER, AKA Birdd, AKA Gardena Pimpin Birdd, AKA Garr Birdd, AKA Pi Birdd, AKA Pi Pimpin Birdd, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
Virginia A. Phillips, Chief Judge, Presiding

Argued and Submitted August 27, 2018
Pasadena, California

Before:  GOULD and BYBEE, Circuit Judges, and HERNANDEZ,** District
Judge.

Laron Carter was convicted of seven counts of violating 18 U.S.C. § 1591

and seven counts of violating 18 U.S.C. § 2423(a).  Carter appeals his convictions

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

and sentence. In an opinion concurrently filed with this memorandum disposition, we vacate his convictions on two of the counts (Counts 13 and 14) because they were obtained in violation of Carter's Sixth Amendment right to confrontation. We also remand to the district court for resentencing. Here, we review Carter's various challenges to his convictions on the remaining counts (Counts 1–12). We affirm his convictions on these counts.

1.      The district court correctly rejected Carter's argument that Counts 11 and 12 are barred by the Double Jeopardy Clause. Although these counts are based on the same conduct underlying his Nevada state conviction for pandering, the "dual-sovereignty doctrine" provides that the Double Jeopardy Clause does not bar successive state and federal prosecutions "for the same course of conduct." *Puerto Rico v. Sanchez Valle*, 136 S. Ct. 1863, 1869–71 (2016) (quoting *Heath v. Alabama*, 474 U.S. 82, 88 (1985)). Carter asks us to reject the dual-sovereignty doctrine, but we cannot ignore binding Supreme Court precedent. *See Bosse v. Oklahoma*, 137 S. Ct. 1, 2 (2016) (per curiam).

2.      We do not reach the merits of Carter's argument that the prosecution of Counts 1–10 was barred by the statute of limitations, 18 U.S.C. § 3282(a), because Carter failed to raise the statute of limitations in the district court. He "cannot successfully raise the statute-of-limitations defense . . . for the first time on

2

appeal." *Musacchio v. United States*, 136 S. Ct. 709, 718 (2016); *see United States v. Lo*, 231 F.3d 471, 480–81 (9th Cir. 2000). We also decline Carter's request—made for the first time in his reply brief—that we consider his statute of limitations argument as a claim of ineffective assistance of counsel. "[A]rguments not raised by a party in its opening brief are deemed waived," *United States v. King*, 257 F.3d 1013, 1029 n.5 (9th Cir. 2001) (citation omitted), and in any event we see no reason to depart from our "general rule" that "we do not review challenges to the effectiveness of defense counsel on direct appeal," *United States v. Liu*, 731 F.3d 982, 995 (9th Cir. 2013).

3. The district court did not abuse its discretion in denying Carter's motion to dismiss on grounds of pre-indictment delay.[1] *See United States v. Barken*, 412 F.3d 1131, 1134 (9th Cir. 2005). To obtain relief for pre-indictment delay under either the Fifth Amendment's Due Process Clause or Federal Rule of Criminal Procedure 48(b), the defendant must show "'actual, non-speculative prejudice from the delay,' meaning proof that demonstrates exactly how the loss of evidence or witnesses was prejudicial." *Id.* (citation omitted); *United States v.*

---

[1] Carter waived his right to object to any post-indictment delay under the Sixth Amendment's Speedy Trial Clause by specifically disavowing it in the district court, and by stipulating to nearly all of the delay between his indictment and trial. *See Barker v. Wingo*, 407 U.S. 514, 529 (1972).

3

*Jiang*, 214 F.3d 1099, 1101 (9th Cir. 2000). Carter has not identified any actual prejudice; his speculative assertion that one witness might have forgotten the precise route he traveled from California to Nevada is insufficient. *See United States v. Corona-Verbera*, 509 F.3d 1105, 1112–13 (9th Cir. 2007). Nor has Carter identified "flagrant prosecutorial misconduct" that would compel the exercise of the district court's supervisory powers. *United States v. Chapman*, 524 F.3d 1073, 1085 (9th Cir. 2008).

4.      We reject Carter's arguments protesting the joinder of the counts for trial. First, Carter waived his argument regarding severance of the counts under Federal Rule of Criminal Procedure 14(a) by failing to renew his severance motion at the close of evidence. *See United States v. Sullivan*, 522 F.3d 967, 981 (9th Cir. 2008).

Second, Carter forfeited his argument regarding misjoinder under Federal Rule of Criminal Procedure 8(a) by failing to mention Rule 8(a) in his severance motion. *See United States v. Smith*, 795 F.2d 841, 850 (9th Cir. 1986). We thus review for plain error—i.e., an error that is "clear or obvious, rather than subject to reasonable dispute," *Puckett v. United States*, 556 U.S. 129, 135 (2009)—and find no such error here. Counts 1–12 may reasonably be seen as being "of the same or similar character," Fed. R. Crim. P. 8(a), as they allege that Carter committed the

4

same two statutory offenses against each of the victims, each of the victims was a minor at the time of the offense, and each of the charges arose out of events occurring at least in part in the same two counties in California. *See United States v. Jawara*, 474 F.3d 565, 576–78 (9th Cir. 2007); *United States v. Rousseau*, 257 F.3d 925, 932 (9th Cir. 2001). The similarity of the offenses can be "reasonably inferred" without having to "engage in inferential gymnastics or resort to implausible levels of abstraction." *Jawara*, 474 F.3d at 578. And even assuming that the counts were improperly joined, Carter has not shown "actual prejudice," as the district court instructed the jury to treat each count separately, and the evidence for each count was distinct. *See id.* at 579–81.

Finally, Carter's retroactive misjoinder argument fails for lack of "compelling prejudice." *United States v. Lazarenko*, 564 F.3d 1026, 1043 (9th Cir. 2009).

\* \* \*

For the foregoing reasons, we affirm Carter's convictions on Counts 1–12. And for the reasons given in the accompanying opinion, we vacate the convictions on Counts 13 and 14 and remand to the district court for resentencing.

**AFFIRMED IN PART, VACATED IN PART, AND REMANDED.**