**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Victor Leroy TAYLOR, Defendant—**
**Appellant.**

No. 02–50170.

D.C. No. CR–00–01197–RMT–01.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Aug. 6, 2003.

Decided Aug. 22, 2003.

Miriam A. Krinsky, AUSA, Daniel N. Shallman, Esq., Thomas P. O'Brien, AUSA, USLA—Office of the U.S. Attorney, Los Angeles, CA, for Plaintiff–Appellee.

Edmundo Espinoza, Del Mar, CA, for Defendant–Appellant.

Before KOZINSKI, T.G. NELSON,

Circuit Judges, and RESTANI,* Judge.

### MEMORANDUM**

Due process protects against vindictive prosecution, *Bordenkircher v. Hayes*, 434 U.S. 357, 362–63, 98 S.Ct. 663, 54 L.Ed.2d 604 (1978), but "a defendant must show either direct evidence of actual vindictiveness or facts that warrant an appearance of such," *United States v. Hernandez*, 80 F.3d 1253, 1260–61 (9th Cir.1996), *overruled in irrelevant part by Muscarello v. United States*, 524 U.S. 125, 118 S.Ct. 1911, 141 L.Ed.2d 111 (1998).

■ The prosecution's decision to try Taylor separately for two unrelated bouts of criminal activity does not "warrant an appearance" of vindictiveness because the second set of charges was unrelated to the first. *See United States v. Martinez*, 785 F.2d 663, 669 (9th Cir.1986) (explaining that "[i]f . . . the second charge is unrelated to the first, the presumption [of vindictiveness] does not arise" as it would if the prosecution charged related criminal conduct separately). Moreover, the prosecution's decision did not ultimately harm him because the district court was not constrained in its sentencing decision and had discretion to depart downward if it believed that unfair prejudice resulted from the timing of the indictments. *See* U.S.S.G. § 5K2.0; *see also United States v. Gregory*, 322 F.3d 1157, 1164 (9th Cir. 2003) (rejecting a claim of sentencing prejudice as a result of the government's decision to charge different crimes separately and noting that "in light of the district court's ability to depart downward, any sentencing prejudice that [the defendant] might suffer is speculative rather than actual"). The district court's decision to exercise its discretion not to depart downward does not alter the calculus.

■ Nor was the indictment defective for failure to allege specific intent to violate the law. Mail fraud under 18 U.S.C. § 1341 requires only "specific intent to defraud." *United States v. Serang*, 156 F.3d 910, 914 (9th Cir.1998); *see also United States v. Peters*, 962 F.2d 1410, 1414 (9th Cir.1992) (finding that the evidence was sufficient to uphold a conviction for mail fraud where it demonstrated that the defendant "knew . . . customers were being defrauded"). The indictment's allegation that Taylor "knowingly devised . . . a scheme to defraud" was sufficient to put Taylor on notice that the prosecution had to prove specific intent to defraud.

**AFFIRMED.**

---

* The Honorable Jane A. Restani, United States Court of International Trade, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.