**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Henry H. FISCHER, Defendant—**
**Appellant.**

**No. 04–50319.**

United States Court of Appeals,
Ninth Circuit.

Submitted Jan. 8, 2007.*

Filed Jan. 23, 2007.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

684

Jason P. Gonzalez, Esq., Los Angeles, CA, for Plaintiff–Appellee.

Dominic Cantalupo, Esq., Law Office of Dominic Cantalupo, Santa Monica, CA, for Defendant–Appellant.

Before: O'SCANNLAIN, KLEINFELD, and SMITH, Circuit Judges.

### MEMORANDUM **

Defendant-appellant Henry Heagh Fischer appeals his conviction of four counts of presenting false claims to the Internal Revenue Service in violation of 18 U.S.C. § 287.[1] Fischer argues that the district court (1) violated his statutory right to speedy trial under the Speedy Trial Act of 1974, 18 U.S.C. § 3161, *et. seq.*

(the "Act"), (2) violated his Sixth Amendment right to speedy trial, and (3) abused its discretion in denying his motion to substitute counsel for a second time. We have jurisdiction under 28 U.S.C. § 1291 and we affirm the judgement of the district court in all respects.

### STANDARD OF REVIEW

We review the district court's application of the Speedy Trial Act *de novo*, *United States v. Martinez–Martinez*, 369 F.3d 1076, 1084 (9th Cir.2004), its decision on whether to dismiss an indictment for violation of the Sixth Amendment's Speedy Trial Clause *de novo*, *United States v. Gregory*, 322 F.3d 1157, 1160–61 (9th Cir.2003), and its denial of a motion for substitution of counsel for abuse of discretion, *United States v. Prime*, 431 F.3d 1147, 1154 (9th Cir.2005).

### SPEEDY TRIAL ACT CLAIM

■ The Speedy Trial Act generally requires that a federal criminal trial commence no later than 70 days from the filing date of the indictment or the defendant's first appearance in court when such charge is pending, whichever is later. 18 U.S.C. § 3161(c)(1). The statute further provides that the remedy for a violation of the Act is that "the information or indictment shall be dismissed on motion of the defendant," and "[f]ailure of the defendant to move for dismissal prior to trial ... shall constitute a waiver of the right to dismissal under this section." 18 U.S.C. § 3162(a)(2). A defendant therefore waives a Speedy Trial Act claim by failing to move for dismissal before trial. *United States v. Rodriguez–Preciado*, 399 F.3d 1118, 1132 (9th Cir.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. As the parties are familiar with the facts of the case, we recount them only as necessary to explain the legal conclusions of the court.

2005); *United States v. Brickey*, 289 F.3d 1144, 1150 (9th Cir.2002) ("The Act provides for no exception to the waiver of the right to dismissal for failure to make a timely motion.") (internal citations omitted). Because Fischer failed to move for dismissal before trial, he waived any claim he might have had under the Speedy Trial Act.

## SPEEDY TRIAL CLAUSE CLAIM

■ The Supreme Court has established a four-part balancing test to evaluate claims under the Sixth Amendment's Speedy Trial Clause. The court must consider (1) whether delay before trial was uncommonly long, (2) whether the government or the defendant is more to blame for that delay, (3) whether, in due course, the defendant asserted his right to a speedy trial, and (4) whether the defendant suffered prejudice because of the delay. *Doggett v. United States*, 505 U.S. 647, 651, 112 S.Ct. 2686, 120 L.Ed.2d 520 (1992). No factor is, however, "either a necessary or sufficient condition to the finding of a deprivation of the right of speedy trial. Rather, they are related factors and must be considered together with such other circumstances as may be relevant." *Barker v. Wingo*, 407 U.S. 514, 533, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972).

Under this balancing test, Fischer's constitutional claim clearly fails. The delay of approximately 21 months meets the threshold requirement of a "presumptively prejudicial" delay. *See Doggett*, 505 U.S. at 651 n. 1, 112 S.Ct. 2686 ("postaccusation delay [is] 'presumptively prejudicial' at least as it approaches one year"). Much of this delay, however, is attributable to the requests of Fischer's counsel for numerous continuances, and to Fischer himself for (1) becoming a fugitive, (2) repeatedly seeking to substitute counsel, and (3) filing an interlocutory appeal which this court

later dismissed for failure to prosecute. *See United States v. Lam*, 251 F.3d 852, 856–57 (9th Cir.2001) (finding no Sixth Amendment violation when defense attorney sought continuances to allow for trial preparation).

Fischer's subsequent voicing of a speedy trial objection similarly does not weigh in his favor. Although Fischer was arraigned on September 24, 2001, he did not mention his speedy trial right until May 8, 2003 and never filed a motion to dismiss his indictment on speedy trial grounds. Moreover, we must view Fischer's speedy trial objection in light of his other conduct, including his requests for new counsel and his abandoned interlocutory appeal. *See United States v. Loud Hawk*, 474 U.S. 302, 314–15, 106 S.Ct. 648, 88 L.Ed.2d 640 (1986) (finding defendants' speedy trial objections unpersuasive in light of their pursuit of frivolous appeals and "repetitive and unsuccessful motions").

Moreover, Fischer suffered no prejudice from the delay. Fischer does not contend that witnesses became unavailable or that the delay otherwise weakened his ability to present his defense. The only prejudice Fischer claims is that he was incarcerated for 21 months before trial, but only received a sentence of six months. This court has recognized that pretrial incarceration, "along with the attendant anxiety to an accused, is of significant concern" for speedy trial purposes. *Lam*, 251 F.3d at 860, *following Loud Hawk*, 474 U.S. at 312, 106 S.Ct. 648. Much of Fischer's pretrial incarceration was, however, due to his violation of the terms of his prior release. Furthermore, even if a valid concern, this factor "must be balanced and assessed in light of the other *Barker* factors, including the length, reasons, and responsibility for the delay." *Lam*, 251 F.3d at 860. Such balancing demonstrates that there was no Speedy Trial Clause violation here.

## MOTION TO SUBSTITUTE COUNSEL

At a status conference on June 3, 2002, Fischer voiced concerns respecting his second attorney. In order to address Fischer's concerns, the district judge inquired into the nature of the claimed conflict. Having construed Fischer's objections as a motion to substitute counsel, the district judge denied the motion but granted a 30–day continuance to allow Fischer to seek new counsel. In so doing, the district judge did not abuse her discretion under any established standard of law. *See Daniels v. Woodford,* 428 F.3d 1181, 1200 (9th Cir.2005) (conflict inquiry is adequate if it "eases the defendant's dissatisfaction, distrust, and concern" and "provides a sufficient basis for reaching an informed decision") (internal citations omitted); *United States v. Bell,* 303 F.3d 1187, 1190–91 (9th Cir.2002) (defendant not entitled to fire counsel who would not pursue defendant's government conspiracy theory).

**AFFIRMED.**