**UNITED STATES of America, Plaintiff—Appellee,**

v.

**William Donald WARD, Defendant—Appellant.**

No. 05–50689.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 20, 2006.

Filed April 24, 2007.

Becky S. Walker, Esq., Diana L. Pauli, Esq., Office of the U.S. Attorney, Criminal Division, Los Angeles, CA, for Plaintiff–Appellee.

Michael Schafler, Esq., Federal Public Defender's Office, Los Ángeles, CA, for Defendant–Appellant.

Before: FISHER and CALLAHAN, Circuit Judges and COLLINS,* District Judge.

## AMENDED MEMORANDUM **

William Ward was arrested five years after being indicted for possession of cocaine with intent to distribute and filed a motion to dismiss his indictment claiming a violation of his Sixth Amendment right to a speedy trial. We review de novo the district court's denial of a motion to dismiss based upon the Sixth Amendment right to a speedy trial. *United States v. Lam,* 251 F.3d 852, 855 (9th Cir.2001). We review for clear error the district court's factual determinations, *United States v. Gregory,* 322 F.3d 1157, 1160–61 (9th Cir.2003), and affirm the denial.

Ward mailed a large package of cocaine from a United States Post Office in Los Angeles County in 1999. The government failed to locate Ward after interviewing his parents and conducting limited surveillance at his last known address, his parent's home. Ward claims he had no reason to know that there was a warrant out for his arrest and that he was living openly

---

* The Honorable Raner C. Collins, United States District Judge for the District of Arizona, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

at the same address during this period of time with his fiancée in the same neighborhood as his parents. But during the government's search, Ward never submitted a change of address form to the Postal Service, maintained formal employment or received any utility bills in his name. For those reasons, Ward was difficult to track.

The Sixth Amendment guarantees that in all criminal prosecutions the accused has a right to a speedy trial. *Doggett v. United States,* 505 U.S. 647, 112 S.Ct. 2686, 120 L.Ed.2d 520 (1992). In determining whether a defendant has been deprived of this right the Court has identified four factors to consider: 1) length of the delay, 2) the reason for the delay, 3) the defendant's assertion of his right, and 4) the prejudice to the defendant. *Barker v. Wingo,* 407 U.S. 514, 530, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972). Because Ward used numerous aliases, drivers licenses, and residence addresses and the brief time Ward's automobile was registered listed his parents' address, we hold that the district court did not commit clear error in finding that Ward was the reason for the delay.

Because Ward was responsible for causing the delay, he must demonstrate actual prejudice. *See United States v. Manning,* 56 F.3d 1188, 1195 (9th Cir. 1995). Ward's generalized assertion of the loss of memory is not sufficient to establish actual prejudice. *Id.* at 1194. Accordingly, the district court's ruling is **AFFIRMED.**

No further petitions for rehearing shall be considered.

* This panel unanimously finds this case suitable for decision without oral argument. *See*