
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-10374 |
| Plaintiff - Appellee, | D.C. No. 5:10-cr-00828-DLJ-1 |
| v. | |
| MARIA GUADALUPE MARTINEZ-ALCALA, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Northern District of California
D. Lowell Jensen, Senior District Judge, Presiding

Submitted May 16, 2014[**]
San Francisco, California

Before: SILVERMAN and GOULD, Circuit Judges, and LEMELLE, District
Judge.[***]

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

    [***]    The Honorable Ivan L.R. Lemelle, District Judge for the U.S. District Court for the Eastern District of Louisiana, sitting by designation.

Appellant Maria Guadalupe Martinez-Alcala appeals her conviction for illegal reentry after deportation in violation of 8 U.S.C. § 1326, contending that the district court erred in denying her motion to dismiss her indictment for violating her Sixth Amendment speedy trial right. We have jurisdiction under 28 U.S.C. § 1291 and we affirm.

We review a district court's decision on a Sixth Amendment speedy trial claim de novo and it's factual findings for clear error. *United States v. Mendoza*, 530 F.3d 758, 762 (9th Cir. 2008). We decide speedy trial challenges under a four-factor test set forth in *Barker v. Wingo*, 407 U.S. 514 (1972). Those four factors are: "whether delay before trial was uncommonly long, whether the government or the criminal defendant is more to blame for that delay, whether, in due course, the defendant asserted his right to a speedy trial, and whether he suffered prejudice as the delay's result." *Doggett v. United States*, 505 U.S. 647, 651 (1992) (citing *Barker*, 407 U.S. at 530). These factors are "related . . . and must be considered together with such other circumstances as may be relevant" and comprise a balancing test that "necessarily compels courts to approach speedy trial cases on an ad hoc basis." *Barker*, 407 U.S. at 530, 533.

The delay factor presents a "double enquiry." *Doggett*, 505 U.S. at 651. First, a defendant must show that the delay "stretches beyond the bare minimum

2

needed to trigger judicial examination of the claim." *Id.* at 651-52 (citing *Barker*, 407 U.S. at 533-34). Delays "approaching one year" are a common threshold. *United States v. Gregory*, 322 F.3d 1157, 1161-62 (9th Cir. 2003). Where the government is at fault, the intensity of that presumption is also determined in light of the government's reason for causing delay. *See Doggett*, 505 U.S. at 656. Thus, deliberate intent to delay a trial in order to impair the defense is weighted more heavily against the government than delay resulting from negligence. *Id.* at 656-57 (citing *Barker*, 407 U.S. at 531). Where the delay is caused by the government's negligence, "toleration of such negligence varies inversely with its protractedness." *Id.* at 657. Accordingly, whether actual prejudice must be shown for delays caused by the government's negligence depends on the length of the delay and the facts of the case. Generally, where the delay is "great" and attributable to government negligence, the presumption calcifies and no showing of actual prejudice is required. *See United States v. Shell*, 974 F.2d 1035, 1036 (9th Cir. 1992) (holding that a five-year delay caused by government negligence was long enough to eliminate the actual prejudice requirement). Where the delay is not "great," on the other hand, courts may require a showing of prejudice, even where each factor weighs in favor of the defendant. *See United States v. Beamon*, 992 F.2d 1009, 1014 (9th Cir. 1993) (holding that 17- and 20-month delays are not long enough to

3

relieve a defendant of the burden of showing actual prejudice); *see also Gregory*, 322 F.3d at 1165 (holding that a 22-month delay did not excuse the defendant from demonstrating actual prejudice).

Martinez-Alcala stipulated to the essential factual elements that led to her conviction. The resulting federal sentence of 30 months imprisonment runs concurrent to her eight-year state court prison sentence for carjacking. Further, Martinez-Alcala failed to show either actual prejudice or that the government delayed prosecution in bad faith. The record supports the district court's conclusion that the government negligently caused the delay without bad faith and that Martinez-Alcala did not suffer actual prejudice as a result of the delay. Under the foregoing circumstances, the two-year delay in Martinez-Alcala's prosecution is not enough to relieve her of the requirement that she show actual prejudice. Her Sixth Amendment right to a speedy trial was not violated.

**AFFIRMED.**