**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

NOV 25 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



SHAWN MALONE KHALIFA,

                Petitioner - Appellant,

    v.

BRENDA M. CASH, Warden,

                Respondent - Appellee.

No. 12-56230

D.C. No. 5:10-cv-01446-GAF-PLA

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Gary A. Feess, District Judge, Presiding

Argued and Submitted October 8, 2014
Pasadena, California

Before: PREGERSON, TALLMAN, and BEA, Circuit Judges.

    Shawn Khalifa was arrested for participating in a home invasion of an

elderly man's home to steal some items during which two accomplices killed the

homeowner. Khalifa was not tried until three-and-a-half years later, although state

courts found that he objected to continuances for only about eight months of that

---

    [*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

time.  Khalifa now seeks habeas relief for this delay.  We review whether Khalifa

properly exhausted his claim that his federal Sixth Amendment speedy trial right

was violated by the delay in the trial court, and we review the claim's merits.

The exhaustion requirement is satisfied when "the federal claim has been

fairly presented to the state courts."  *Picard v. Connor*, 404 U.S. 270, 275,

92 S. Ct. 509, 512 (1971); *see also Duncan v. Henry*, 513 U.S. 364, 365, 115 S. Ct.

887, 888 (1995) (per curiam).  At oral argument, counsel for the State

acknowledged that the State did not affirmatively argue Khalifa failed to exhaust

his Sixth Amendment speedy trial claim.  In the State's view, Khalifa fairly

presented this claim to the California courts because the corollary California

statutory right essentially "intertwines" the state and federal rights to a speedy trial.

*See* 28 U.S.C. § 2254(b)(3) (2012) ("A State shall not be deemed to have waived

the exhaustion requirement or be estopped from reliance upon the requirement

unless the State, through counsel, expressly waives the requirement.").

Consequently, the parties agree Khalifa's claim has been exhausted and we are

satisfied that we have jurisdiction to reach the merits of that claim.

The parties dispute whether the California courts reached the merits of

Khalifa's Sixth Amendment claim and, as a result, whether that claim must satisfy

the restrictive standards imposed by the Antiterrorism and Effective Death Penalty

2

Act of 1996 (AEDPA).  Normally, when "a state court rejects a federal claim without expressly addressing that claim, a federal habeas court must presume that the federal claim was adjudicated on the merits . . . ." *Johnson v. Williams*, 133 S. Ct. 1088, 1096 (2013).  Though "that presumption can in some limited circumstances be rebutted," *see id.*, we need not decide whether Khalifa can rebut the presumption because his Sixth Amendment claim fails even under de novo review.  To that end, when "a state court has not reached the merits of a properly raised issue, we must review it de novo." *Pirtle v. Morgan*, 313 F.3d 1160, 1167 (9th Cir. 2002).  But even reviewing Khalifa's constitutional claim de novo, AEDPA still mandates that "factual determinations by the state court are presumed correct and can be rebutted only by clear and convincing evidence." *Id.* at 1168.

We apply the *Barker v. Wingo* four-part balancing test to determine whether a petitioner's Sixth Amendment right to a speedy trial has been violated.  407 U.S. 514, 530, 92 S. Ct. 2182, 2192 (1972).  The four factors to be weighed are: (1) length of delay, (2) reason for the delay, (3) the forcefulness of the criminal defendant's assertion of his speedy trial right, and (4) prejudice to the defense.  *Id.* The delay was clearly lengthy and thus presumptively prejudicial.  *See Doggett v. United States*, 505 U.S. 647, 652, 112 S. Ct. 2686, 2690 (1992).  However, the second and third factors are neutral because Khalifa objected to only about eight

3

months of the delay, and all but five weeks of the delay during those eight months was attributable to Khalifa's co-defendants' continuances. *Cf. Barker*, 407 U.S. at 531-32. Thus, the test hinges on whether Khalifa suffered any prejudice as a result of the lengthy delay. *See, e.g.*, *Doggett*, 505 U.S. at 657-58 (explaining that the length of and reason for the delay must be considered in determining prejudice).

At oral argument, counsel for Khalifa conceded that AEDPA applies, but argued the California Court of Appeal made a legal error in finding no prejudice. We disagree. Khalifa's strongest argument that the state court committed legal error by not finding prejudice is his claim that he was deprived of the opportunity to have the Castillo brothers, two eyewitnesses, testify at trial in an attempt to contradict the testimony of his co-defendant, Mark Gardner. But Khalifa is unable to show, beyond mere speculation, that the Castillos would have said anything favorable enough to establish prejudice to Khalifa from their failure to testify at trial. *See United States v. Corona-Verbera*, 509 F.3d 1105, 1113 (9th Cir. 2007) ("[W]hen a defendant fails to make a specific showing as to what a [ ] witness would have said, any argument of prejudice is pure conjecture.").

Furthermore, to the extent Khalifa attempts to prove prejudice by pointing to alleged inconsistencies between the Castillos' preliminary hearing testimony and Gardner's testimony at trial, the California Court of Appeal made a factual

4

determination that the testimonies were mostly consistent. We agree with that assessment. Under AEDPA review, Khalifa has not pointed to clear and convincing evidence showing otherwise. *See, e.g.*, *Lambert v. Blodgett*, 393 F.3d 943, 976 (9th Cir. 2004) ("State decisions applying law to facts are governed by [AEDPA deference]; however, factual findings *underlying* the state court's conclusion on the mixed issue are accorded a presumption of correctness." (emphasis added)); *Seidel v. Merkle*, 146 F.3d 750, 753 (9th Cir. 1998) (prejudice analysis for Sixth Amendment ineffective assistance of counsel claim presents a mixed question of law and fact). Based on this deferential view of the facts, we hold the state court drew the proper legal conclusion: there are not enough inconsistencies between the testimonies of the Castillo brothers and Gardner to make out a showing of prejudice to Khalifa by failure of the Castillos to testify at trial. Therefore, Khalifa cannot show prejudice from the delay in bringing him to trial, fatally undermining the alleged violation of his Sixth Amendment right to a speedy trial.

Khalifa's claim for habeas relief was properly denied.

**AFFIRMED.**

Khalifa v. Cash, No. 12-56230

PREGERSON, Circuit Judge, dissenting:

Shawn Khalifa[1] appeals his felony murder conviction arguing his Sixth

Amendment speedy trial rights were violated.

The disposition correctly applied the first *Barker* factor by finding that the

three-and-a-half year delay was "clearly lengthy and thus presumptively

prejudicial." The disposition correctly determined that the second factor was

neutral because most of the delay was caused by Khalifa's co-defendants' requests

for continuances.

Contrary to the disposition I submit that the third factor regarding the

forcefulness of Khalifa's assertion of his speedy trial right was not neutral. A

---

[1] Khalifa was just two months beyond his fifteenth birthday when the crime occurred. He and Mark Gardner were acting as lookouts for a burglary while two older boys entered the victim's home through the front door. Khalifa allegedly snuck through the backdoor and took a handful of candy from the victim's kitchen. The older boys beat the elderly homeowner to death. Khalifa was found guilty of first degree felony murder and sentenced to twenty-five years to life. Based on Khalifa's limited participation and his status as a juvenile, this sentence appears unusually harsh. As the Supreme Court has found, children like Khalifa lack maturity and have "an underdeveloped sense of responsibility leading to recklessness, impulsivity, and heedless risk-taking." *Miller v. Alabama*, 132 S. Ct. 2455, 2464 (2012). Further, the brain of a fifteen year old is "not yet fully mature in regions and systems related to higher-order executive functions such as impulse control, planning ahead, and risk avoidance." *Id.* at 2464 n.5 (internal citations omitted).

1

defendant's assertion of his speedy trial right is "entitled to strong evidentiary weight in determining whether the defendant is being deprived of the right." *Barker v. Wingo*, 407 U.S. 514, 531-32 (1972). Khalifa objected to continuances on five separate occasions during the eight month period between October 2006 and June 2007. To vindicate his right to a speedy trial he moved to sever his case from those of his co-defendants. While Khalifa consented to much of the delay, that consent does not neutralize the fact that he forcefully asserted his speedy trial rights for eight consecutive months. A delay of eight months on this record is most likely presumptively prejudicial. *See United States v. Gregory*, 322 F.3d 1157, 1162 n.3 (9th Cir. 2003). This third factor weighs in favor of Khalifa.

Finally, I submit that Khalifa was prejudiced by the eight month delay. Prejudice should be assessed by considering "the interests of defendants which the speedy trial right was designed to protect . . . : (i) to prevent oppressive pretrial incarceration; (ii) to minimize anxiety and concern of the accused; and (iii) to limit the possibility that the defense will be impaired." *Barker*, 407 U.S. at 532. Here, the disposition does not explicitly touch upon the first two interests. Khalifa was prejudiced by his pretrial incarceration. He spent over three years in jail awaiting trial. Khalifa was arrested on January 30, 2004, three days after the crime was committed and about two months beyond his fifteenth birthday. His trial started on

2

September 17, 2007, a couple months before his nineteenth birthday. In *Barker*, the Supreme Court determined that "time spent in jail awaiting trial has a detrimental impact on the individual." *Id.* Khalifa's three-and-a-half year pretrial incarceration and the anxiety it caused him—a teenager awaiting trial for felony murder—weigh in favor of finding that Khalifa was prejudiced by the delay.

The delay also impaired, and thus prejudiced, Khalifa's defense because the only non-biased eyewitnesses, one of whom was Erick Castillo, left the country and moved to Mexico during the delay. *See id.* at 532 ("If witnesses . . . disappear during a delay, the prejudice is obvious."). Because lengthy delays often cause the loss of exculpatory evidence and testimony, "impairment of one's defense is the most difficult form of speedy trial prejudice to prove." *Doggett v. United States*, 505 U.S. 647, 655 (1992). For this reason, "consideration of prejudice is not limited to the specifically demonstrable." *Id.*

Further, the California Court of Appeal's factual determination that witness Castillo's preliminary hearing testimony was consistent with co-defendant Mark Gardner's testimony was refuted by clear and convincing evidence. Khalifa's appellate brief demonstrated that Castillo's preliminary hearing testimony varied from Gardner's testimony on several points; most notably co-defendant Gardner testified to facts that made him appear less culpable. Gardner testified that he was

3

only in the side yard briefly before waiting in front of the house for Khalifa, whereas witness Castillo saw Khalifa and Gardner leave the side yard together. The jury may have discounted Gardner's account as biased if Castillo had testified at trial because it appears as if Gardner may have twisted the facts to minimize his involvement. The jury might have taken this into consideration when weighing Gardner's credibility. Co-defendant Gardner also portrayed Khalifa as having a more active role in the crime by testifying that Khalifa exited the home only seconds before Rivera and Pena (the men who beat the victim to death), not five to ten minutes before as explained by Castillo. Gardner's version makes it more likely that Khalifa was in the home during the victim's murder, however, Castillo's account presents an issue as to Khalifa's presence during and his knowledge of the killing. Had the jury heard these varied accounts it would have had to weigh the credibility of both witnesses and it is likely there would have been more discussion about co-defendant Gardner's motivations for testifying. Likely, there also would have been a more in-depth consideration of the extent of Khalifa's involvement. For these reasons, the loss of Castillo as a witness at trial prejudiced Khalifa.

Three of the four Barker factors weigh in Khalifa's favor and support a finding of a violation to his right to a speedy trial under the Sixth Amendment. Therefore, Khalifa's habeas petition should have been granted.