NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

NOV 24 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 16-50286 |
| Plaintiff-Appellee, | D.C. No. 2:13-cr-00833-GHK-1 |
| v. | |
| JUAN DIEGO REYES, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
George H. King, District Judge, Presiding

Argued and Submitted October 3, 2017
Pasadena, California

Before: GRABER, MURGUIA, and CHRISTEN, Circuit Judges.

Defendant-appellant Juan Reyes entered a conditional guilty plea with the
United States, reserving the right to appeal the district court's decision denying his
motion to dismiss the indictment. Now on appeal, Reyes asserts four grounds for
relief. We have jurisdiction to review Reyes' claims under 28 U.S.C. § 1291.

1. Reyes contends that officers violated Fed. R. Crim. P. 5 and 9 when they

---

* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

waited approximately two years to present him to a magistrate judge after his initial arrest in November 2013, and his second arrest in 2015. Fed. R. Crim. P. 5 requires a person making an arrest to take the defendant before a magistrate judge "without unnecessary delay," and Fed. R. Crim. P. 9 requires officers executing a warrant to comply with Fed. R. Crim. P. 5. However, neither rule applied to Reyes at the time of his November 2013 arrest. Reyes was released after his November 2013 arrest. Fed. R. Crim. P. 5 applies to defendants in custody, and by its text, Fed. R. Crim. P. 9 applies only to officers "executing [a] warrant." Fed. R. Crim. P. 9(c)(1)(B). Reyes was not arrested pursuant to a warrant. Therefore, the government did not violate Fed. R. Crim. P. 5 or 9 when they failed to bring Reyes before a magistrate judge in November 2013.

2. Reyes also contends that the government violated Fed. R. Crim. P. 48(b) because of unnecessary delay bringing him to trial. "Rule 48(b) comes into play only after a defendant has been placed under arrest." *United States v. Barken*, 412 F.3d 1131, 1136 (9th Cir. 2005). Here, officers arrested Reyes pursuant to the indictment against him in March 2015. Fed. R. Crim. P. 48(b) does not apply to pre-indictment delay, so the government did not violate Fed. R. Crim. P. 48(b) in this case. *See United States v. Kidd*, 734 F.2d 409, 412 (9th Cir. 1984).

3. Next, Reyes contends that the government violated his statutory speedy trial rights. The Speedy Trial Act requires that

2

the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, *whichever date last occurs*.

18 U.S.C. § 3161(c)(1) (emphasis added). Here, Reyes made his initial appearance in March 2015, so his speedy trial clock began in March 2015. Based on this date, there is no Speedy Trial Act violation.

4. Lastly, Reyes asserts that the delay violated his constitutional speedy trial rights. The Sixth Amendment guarantees that for "all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial." U.S. Const. amend. VI. In *Barker v. Wingo*, the Supreme Court endorsed a "balancing test, in which the conduct of both the prosecution and the defendant are weighed." 407 U.S. 514, 530 (1972). The Court identified four factors relevant to the "ad hoc" analysis of "determining whether a particular defendant has been deprived of his [speedy trial] right": (1) "[l]ength of delay"; (2) "the reason for the delay"; (3) "the defendant's assertion of his right"; and (4) "prejudice to the defendant." *Id*.

The first factor, the length of delay, has special significance, as it acts as a threshold requirement: if the delay is not sufficiently long, then no Sixth Amendment violation has occurred. *Doggett v. United States*, 505 U.S. 647, 652 n.1 (1992). Here, the government concedes that for purposes of the threshold

3

inquiry, Reyes has shown a sufficiently long delay between indictment and arrest to trigger the *Barker* inquiry. So, we turn to the remaining *Barker* factors.

Length of delay: Without more, the 16 month delay here is insufficient to justify dismissal of the indictment. *See e.g., United States v. Gregory*, 322 F.3d 1157, 1162 (9th Cir. 2003) (finding that a delay of 22 months did "not weigh heavily" in favor of the defendant under *Barker*); *United States v. Tanh Huu Lam*, 251 F.3d 852, 857 (9th Cir. 2001), *as amended on denial of reh'g and reh'g en banc*, 262 F.3d 1033 (9th Cir. 2001) (finding that a delay of approximately 14 1/2 months weighed "slightly" in favor of the defendant in a *Barker* analysis); *United States v. Beamon*, 992 F.2d 1009, 1014 (9th Cir. 1993) (finding that delays of 17 or 20 months were close to the one year benchmark that triggers a *Barker* inquiry and were not "great"). Therefore, this factor weighs slightly in favor of Reyes.

Reason for the delay: The district court found that the delay was attributable—at worst—to government negligence. And, in light of the record, there is no basis to conclude the district court committed clear error in its factual finding. There is no evidence of bad faith on the part of any government officials, despite ample evidence of negligence. Therefore, this factor weighs slightly in favor of Reyes.

Defendant's assertion of speedy trial right: Here, Reyes asserted his speedy trial right after having requested numerous continuances of trial. When a defendant

4

asserts a speedy trial right only after having requested continuances of a trial date, it should weigh neither in favor of the defendant nor in favor of the government. *United States v. Mendoza*, 530 F.3d 758, 764 (9th Cir. 2008). Under *Mendoza*, this factor is neutral.

Prejudice: Here, Reyes contends that he suffered prejudice in three forms: anxiety, loss of his duress defense, and loss of his safety-valve sentencing reduction. None of these arguments is persuasive because the focus is on the "prejudice caused by the delay that triggered the *Barker* inquiry, not simply any prejudice that may have occurred before the trial date but unrelated to the fact of the delay itself." *Gregory*, 322 F.3d at 1163.

In sum, the *Barker* factors support the conclusion that no violation of Reyes' Sixth Amendment Right to a speedy trial occurred.

**AFFIRMED.**