NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

APR 17 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 22-30012 |
| Plaintiff-Appellee, | D.C. No. 4:19-CR-06036-SMJ |
| v. | |
| TRENT DREXEL HOWARD, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Eastern District of Washington
Salvador Mendoza, Jr., District Judge, Presiding

Submitted March 27, 2023[**]
Seattle, Washington

Before: NGUYEN and HURWITZ, Circuit Judges, and EZRA,[***] District Judge.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable David A. Ezra, United States District Judge for the District of Hawaii, sitting by designation.

Trent Howard was convicted on child pornography charges. He argues that the district court erred by denying his motion to dismiss for violation of his Sixth Amendment right to a speedy trial and his motion to suppress evidence seized in a search of his residence pursuant to a search warrant. We have jurisdiction under 28 U.S.C. § 1291 and affirm.

1. Howard was indicted on June 18, 2019, while he was on a work assignment in Kazakhstan. When Howard did not return to the United States as scheduled, the government instituted its first-ever criminal extradition request to Kazakhstan. Extradition was not approved until August 14, 2020, during the peak of the COVID-19 pandemic, and Howard, who had appealed the initial order granting extradition, returned to the United States on November 11, 2020. His trial was originally scheduled for October 4, 2021.

Howard contends that the delay between indictment and the trial date violated the Sixth Amendment's speedy trial guarantee. We hold that the district court, applying the *Barker* factors, correctly found no Sixth Amendment violation. *See Barker v. Wingo*, 407 U.S. 514, 530 (1972).

a. The first *Barker* factor is the length of the delay. Delays approaching one year are presumptively prejudicial. *See United States v. Gregory*, 322 F.3d 1157, 1161–62 (9th Cir. 2003). Here, twenty-eight months elapsed between the

indictment and the scheduled trial date. The length of delay thus weighs in Howard's favor.

b. The second factor, the reason for the delay, weighs in the government's favor. The district court held that the government acted reasonably during the pretrial period. Howard failed to return voluntarily, forcing the government to resort to extradition. Given the complexity of arranging an extradition from Kazakhstan, a country with which the United States has no extradition treaty, especially amid a global pandemic, ample evidence supports the district court's conclusion.

c. The third *Barker* factor, the timing of the defendant's assertion of his speedy trial right, weighs in favor of the government. Howard obtained American counsel no later than June 27, 2019 and was aware of his indictment by September 14, 2019, but did not assert his speedy trial rights until June 10, 2020.

d. The fourth *Barker* factor, actual prejudice, weighs against Howard. We, like the district court, are "sympathetic to the anxiety and concern [Howard] must have suffered while detained in a foreign, non-English speaking jurisdiction during a global pandemic." *See Barker*, 407 U.S. at 532 (setting forth the interests of defendants to consider in assessing prejudice). Nonetheless, we agree that Howard "failed to make the requisite showing of actual prejudice" because he provided no

3

evidence that the pretrial incarceration impaired his ability to prepare a defense, nor evidence that the incarceration was oppressive.

2. The district court also did not err by denying Howard's motion to suppress. It correctly found that several typographical errors in the affidavit supporting the application for a warrant, while "sloppy," did not affect the showing of probable cause. The particularized description of the single-source pornography downloads from Howard's IP address was sufficient to establish probable cause. *See United States v. Schesso*, 730 F.3d 1040, 1045–46 (9th Cir. 2013). Moreover, the affiant's observation, based on his experience in law enforcement, that child pornography offenders typically retain the illicit materials for years provided "good reason" to believe that the items to be seized would still be on the premises, even though five months passed between the January 5, 2019 download and the execution of the search warrant. *United States v. Lacy*, 119 F.3d 742, 745–46 (9th Cir. 1997).

3. Finally, we affirm the district court's denial of a *Franks* hearing. A defendant seeking a *Franks* hearing must (1) allege specifically which portions of the warrant affidavit are claimed to be false; (2) allege that the false statements or omissions were deliberately or recklessly made; (3) make a detailed offer of proof, including affidavits, to accompany the allegations; (4) challenge the veracity of only the affiant; and (5) show that the challenged statements are necessary to find

4

probable cause. *United States v. DiCesare*, 765 F.2d 890, 894–95 (9th Cir. 1985). Howard made only conclusory allegations that the typographical errors were deliberate or reckless and did not adequately explain why excision of the errors would defeat probable cause. *See Franks v. Delaware*, 438 U.S. 154, 156 (1978).

**AFFIRMED.**