**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, <br><br> v. <br><br> JOHN FELIX ALEXANDER, AKA Africa, <br> *Defendant-Appellant*. | No. 14-50576 <br><br> D.C. No. 2:07-cr-01402-SJO-20 <br><br><br> OPINION |

Appeal from the United States District Court
for the Central District of California
S. James Otero, District Judge, Presiding

Argued and Submitted
March 10, 2016—Pasadena, California

Filed April 1, 2016

Before: Stephen Reinhardt, Mary H. Murguia,
and John B. Owens, Circuit Judges.

Per Curiam Opinion

## SUMMARY[*]

### Criminal Law

The panel affirmed the district court's denial of a motion to dismiss an indictment in a case in which the defendant, who was extradited from Canada, claimed that the delay between the indictment and his arrest violated his constitutional right to a speedy trial.

The panel wrote that the delay of almost five years is sufficient to trigger an inquiry into the other factors set forth in *Barker v. Wingo*, but agreed with the district court that the balance of those factors weighs against finding a constitutional violation. The panel held that the record supports the district court's conclusion that the United States pursued the defendant's extradition with reasonable diligence. The panel rejected the defendant's argument that the United States should be held jointly responsible for Canada's delay under the "joint venture" doctrine. The panel held that the factor relating to the defendant's assertion of his right to a speedy trial favors neither party, where there is no evidence that the defendant knew about the indictment until after he had been arrested, at which point he fought extradition for over 16 months. The panel expressed concern that the 9.6 months it took for the U.S. prosecutor to submit a draft of the extradition request to the Department of Justice Office of International Affairs could have been reduced, but wrote that such a period of negligence alone would not deny the defendant's right to a speedy trial without a sufficient

---

[*] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

showing of prejudice. The panel concluded that the defendant had not met his burden of showing particularized prejudice, where he was not incarcerated for any portion of the overall five year delay, he has not shown any uncertainty or anxiety resulting from the delay, and he has not provided any non-speculative proof as to how his defense was prejudiced.

## COUNSEL

Alissa Sawano Peterson (argued), Law Offices of Alissa Sawano Peterson, Irvine, California, for Defendant-Appellant.

Kerry C. O'Neil (argued), Assistant United States Attorney; Eileen M. Decker, United States Attorney; Lawrence S. Middleton and Ellyn Marcus Lindsay, Assistant United States Attorneys, United States' Attorney's Office, Los Angeles, California, for Plaintiff-Appellee.

## OPINION

PER CURIAM:

On December 18, 2007, Defendant John Felix Alexander was indicted, along with twenty-one co-defendants, for conspiracy to commit mail and wire fraud against elderly victims living in Canada and the United States. Shortly after the indictment was returned, the United States initiated its effort to extradite Alexander from Canada for trial. After four years, nine months, and 29 days, Canada finally approved the United States' request for Alexander's

extradition, and Canadian authorities arrested Alexander shortly thereafter. Following his arrest, Alexander resisted extradition for approximately 16 additional months.

Almost immediately upon entering the United States, Alexander filed a motion to dismiss his indictment, claiming that the delay between the indictment and his arrest violated his constitutional right to a speedy trial.[1] The district court held a hearing on the issue during which the U.S. and Canadian officials responsible for Alexander's case testified that the process of extraditing a defendant from Canada can be a frustrating one. The prosecutor must first send a request to the Department of Justice, Office of International Affairs ("OIA"), where it is reviewed by the OIA attorney in accordance with the extradition treaty between the United States and Canada. Once the request is put into final form, the U.S. Department of State issues a diplomatic note requesting extradition. The Canadian Central Authority for extradition, the International Assistance Group ("IAG"), then receives and reviews the request, and may require additional information or even a new request. Once IAG is satisfied that the request meets Canadian requirements, it issues an Authority to Proceed, and the request is given to the Canadian prosecutor's office for the issuance of an arrest warrant.

In this case, it took the U.S. prosecutor 9.6 months to submit a draft of the extradition request to OIA. It then took OIA four months to complete its initial review and return the

---

[1] The length of delay in speedy trial claims is ordinarily measured from the time of the indictment to the time of trial. *United States v. Gregory*, 322 F.3d 1157, 1162 (9th Cir. 2003). In this case, however, the defendant challenges only the delay between the indictment in December 2007 and his arrest in Canada in October 2012.

draft to the prosecutor. Four months later, the request was provided to the Canadian authorities. Canada did not approve the request, however, and instead repeatedly returned it to the United States with demands for corrections or additional information. On each occasion, the United States prosecutor revised the request per Canada's specifications, only to have Canada identify other reasons to return it. This process continued for over three years. According to the testimony at the hearing, this extensive back-and-forth between the United States and Canada was "very typical."

In total, the district court found, 32.5 months of the delay was attributable to Canada, 26.4 months of the delay was attributable to the United States, and 16 months resulted from Alexander's fighting the extradition. With respect to the delay attributable to the United States alone, the district court held that the United States "pursued extradition with reasonable diligence" and that any prejudice caused by the delay was not severe enough to have denied Alexander his right to a speedy trial. Accordingly, the court denied Alexander's motion.

We review a district court's denial of a speedy trial claim *de novo*, although factual determinations underlying the decision are reviewed for clear error. *United States v. Mendoza*, 530 F.3d 758, 762 (9th Cir. 2008). Under *Barker v. Wingo*, 407 U.S. 514, 530 (1972), we must review four factors in determining whether a defendant has been denied his right to a speedy trial: (1) the length of the delay, (2) the reason for the delay, (3) the defendant's prior assertion of the right, and (4) the prejudice resulting from the delay.

The length of the delay is a "threshold" factor, and a sufficiently lengthy delay "necessitates an examination of the

other three factors." *United States v. Sears, Roebuck & Co., Inc.*, 877 F.3d 734, 739 (9th Cir. 1989). Here, the delay of almost five years is sufficiently lengthy to trigger an inquiry into the other factors. *See United States v. Gregory*, 322 F.3d 1157, 1161–62 (9th Cir. 2003) ("[D]elays approaching one year are presumptively prejudicial."). We agree with the district court, however, that the balance of the other factors weighs against finding a constitutional violation.

The second factor, the reason for delay, is "the focal inquiry." *Sears*, 877 F.3d at 739. If the government can show that the delay was wholly justifiable because it proceeded with reasonable diligence, the defendant's speedy trial claim generally cannot succeed in the absence of a showing of actual prejudice resulting from the delay. *See Doggett v. United States*, 505 U.S. 647, 656 (1992). If the government intentionally delayed or negligently pursued the proceedings, however, prejudice may be presumed, and its weight in the defendant's favor depends on the reason for the delay and the length of the delay. *Id.* at 656–57; *United States v. Aguirre*, 994 F.2d 1454, 1456 (9th Cir. 1993). A district court's finding on the reason for delay and its justifiability is reviewed "with considerable deference." *Aguirre*, 994 F.2d at 1457 (quoting *Doggett*, 505 U.S. at 652).

Here, the district court determined that on the whole the United States pursued Alexander's extradition with reasonable diligence and the record supports this conclusion. Alexander argues that the United States was negligent because it failed to produce adequate extradition requests, resulting in numerous rounds of review and significant delay. The testimony from the hearing, however, demonstrates that this was not a case in which the extradition requests had substantial deficiencies or in which the U.S. prosecutor

consistently failed to follow protocol. Rather, the evidence showed that Canada was not consistent "in terms of the questions that [it] ask[ed] the United States," and further, that delays of this nature are typical of Canadian extradition requests.

We also reject Alexander's argument that the United States should be held jointly responsible for Canada's delay under the "joint venture" doctrine. In the context of the exclusionary rule, the Ninth Circuit has recognized a limited exception to the general rule that U.S. constitutional protections are inapplicable to actions of foreign agents conducted in foreign countries for situations in which "United States agents' participation in the investigation is so substantial that the action is a joint venture between United States and foreign officials." *United States v. Barona*, 56 F.3d 1087, 1091 (9th Cir. 1995). No circuit has ever extended the joint venture doctrine to the speedy trial context, and we decline to do so here. Further, the facts of this case do not support a finding that a joint venture existed in terms of Alexander's extradition. The United States neither participated in nor encouraged the delay caused by the Canadian authorities. There is no evidence that United States agents were attempting to undermine Alexander's speedy trial right "by circuitous and indirect methods." *See United States v. Rose*, 570 F.2d 1358, 1362 (9th Cir. 1978). Rather, as the district court concluded, there "was certainly no cooperation between the prosecutors in Canada and the prosecutors in the United States" during the extradition process. Accordingly, no joint venture existed with respect to Alexander's extradition.

There is, however, one portion of the delay that we believe the district court should have weighed against the

United States. It took 9.6 months for the U.S. prosecutor to submit a draft of Alexander's extradition request to OIA, and the government has failed to adequately explain the extent of this delay. Some of this time, of course, was necessary to prepare an extensive request for the extradition of twenty-two defendants, but it is not clear that all of the 9.6 months should be ascribed to the complexities of this case—as opposed to the United States's negligence. The U.S. prosecutor admitted that it took her a "couple of months" to clear her other cases so that she could devote her resources to drafting the extradition request. Further, it seems that the prosecutor did not use the entire remaining time to draft the request efficiently. Although she did not recall how long it took her to write the request, when asked if she could estimate whether it took "more than a week and less than a month," she responded only that it "was definitely more than a week."

The third Barker factor is the defendant's assertion of the right to a speedy trial. *Barker*, 407 U.S. at 530. There is no evidence in the record that Alexander knew about the indictment against him until after the extradition request had been approved and he was arrested. After his arrest, however, Alexander fought extradition for over 16 months. We have held under similar circumstances that this factor, on balance, favors neither party. *See United States v. Coronoa-Verbera*, 509 F.3d 1105, 1116 (9th Cir. 2007).

The last factor we consider is the prejudice to the defendant. The amount of prejudice a defendant must show is inversely proportional to the length and reason for the delay. *See Doggett*, 505 U.S. at 655–56. While we are concerned that the initial prosecutorial delay could have been reduced, a 9.6 month period of negligence alone would not deny Alexander's right to a speedy trial without a sufficient

showing of prejudice. As the Supreme Court held in *Doggett*, "to warrant granting relief, negligence unaccompanied by particularized trial prejudice must have lasted longer than negligence demonstrably causing such prejudice." *Id.* at 657. This court has previously held that a violation of the constitutional right to a speedy trial did not occur in the absence of a showing of particularized prejudice when the government's negligence caused a 22-month delay. *Gregory*, 322 F.3d at 1162. Here, Alexander has not met his burden of showing particularized prejudice. He was not incarcerated for any portion of the overall five year delay, he has not shown any uncertainty or anxiety resulting from the delay, and he has not provided any non-speculative proof as to how his defense was prejudiced by the delay. *See Corona-Verbera*, 509 F.3d at 1116; *United States v. Williams*, 782 F.2d 1462, 1466 (9th Cir. 1985).

After weighing the *Barker* factors, we agree with the district court that Alexander was not deprived of his right to a speedy trial. We note, however, that the U.S. Attorney's offices would do well to adopt systems of controls that would track the status of extradition requests so as to ensure the timely submission of extradition materials to the Justice Department and foreign governments. Such a system would likely have avoided much of the initial 9.6 month delay present here, which, though not sufficient to affect the outcome of this case, is troublesome indeed.

**AFFIRMED.**