**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT[1]

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.    17-30041 |
| Plaintiff-Appellee, | D.C. No. 1:15-cr-00014-SPW-1 |
| v. | |
| PHILIP ALLAN MORRIS, | MEMORANDUM |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Montana
Susan P. Watters, District Judge, Presiding

Argued and Submitted March 6, 2018
Seattle, Washington

Before:  RAWLINSON and CHRISTEN, Circuit Judges, and BENCIVENGO,[**]
District Judge.

Defendant–Appellant Philip Allan Morris appeals the district court's denials

of his motion to dismiss the indictment and his motion to suppress evidence.  We

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The Honorable Cathy Ann Bencivengo, United States District Judge for the Southern District of California, sitting by designation.

have jurisdiction under 28 U.S.C. § 1291, and we affirm.

**1.** Morris argues the 21-month delay between his federal indictment and trial violated his constitutional right to a speedy trial. "We review a district court's denial of a speedy trial claim *de novo*, although factual determinations underlying the decision are reviewed for clear error." *United States v. Alexander*, 817 F.3d 1178, 1181 (9th Cir. 2016) (internal citation omitted). We consider four factors in deciding whether the speedy trial right has been violated: (1) length of the delay; (2) reason for the delay; (3) the defendant's assertion of the right; and (4) prejudice resulting from the delay. *Barker v. Wingo*, 407 U.S. 514, 530 (1972).

The length of the delay is both a threshold issue and a part of the balancing analysis. *See, e.g., United States v. Gregory*, 322 F.3d 1157, 1162 (9th Cir. 2003). Here, the 21-month delay is sufficient to trigger the *Barker* analysis but weighs only modestly against the government. *Id.*

The reason for the delay is examined in light of the government's "reasonable diligence." *United States v. Mendoza*, 530 F.3d 758, 763 (9th Cir. 2008) (internal citation omitted). Some reasons weigh more heavily than others: "A deliberate attempt to delay the trial in order to hamper the defense should be weighted heavily against the government," while "neutral reason[s] . . . should be weighted less heavily" against the government. *Barker*, 407 U.S. at 531.

Here, the district court found: (1) the delay from February 2015 to April 2015 was attributable to Morris fleeing the state; (2) the delay from April 2015 to March 2016 was attributable to Montana's prosecution of Morris; and (3) the delay from March 2016 until trial was attributable to Morris because he moved to continue the trial four times. We conclude the district court did not commit clear error in finding the first and third periods of delay were attributable to Morris. Even assuming the other 11 months of delay weigh against the government, that period would be balanced against the 10 months attributable to Morris. The second *Barker* factor weighs only slightly in Morris's favor.

The third *Barker* factor is the defendant's assertion of his right to a speedy trial. Because Morris asserted his right to a speedy trial only after five months had passed and three continuances had been granted, this factor does not weigh in favor of either party. *See United States v. Corona-Verbera*, 509 F.3d 1105, 1116 (9th Cir. 2007).

The final *Barker* factor is prejudice. The 21-month delay here "is not long enough to excuse [Morris] from demonstrating actual prejudice to prevail on his claim." *Gregory*, 322 F.3d at 1163. Morris must demonstrate actual prejudice to prevail on his Sixth Amendment speedy trial claim, but he fails to do so.

Morris first argues the damaged recordings impaired his defense. Police

3

witnesses testified the recording equipment was malfunctioning at the time the recordings were made. Because Morris presented no evidence to the contrary, he did not show prejudice. Morris also contends the passage of time hampered witnesses' ability to remember specific details, but he fails to explain how any memory lapses actually impaired his defense. Morris also suggests that the federal government obtained a tactical advantage by delaying its prosecution until the wayward search warrant was returned. However, the delay did not compromise Morris's ability to challenge the validity of the warrant; he did exactly that through his motion to suppress. Any prejudice potentially caused by the warrant's absence was cured upon its return. Finally, Morris claims he suffered anxiety and distress upon learning of his federal charges. This is unavailing because Morris was not a victim of oppressive pretrial incarceration and his defense was not impaired as a result of the delay. Balanced against the other *Barker* factors—none of which weigh strongly in Morris's favor—we conclude Morris's emotional distress is insufficient to show prejudice.

**2.** Morris challenges the search warrant for his truck on two grounds. First, relying on *Franks v. Delaware*, 438 U.S. 154 (1978), Morris alleges the application omitted six facts and misstated another relevant fact with intentional or reckless disregard for the truth. Morris also argues state law enforcement did not comply

4

with Fed. R. Crim. P. 41.

To prevail on a *Franks* challenge, the defendant must establish two things by a preponderance of the evidence: (1) that the affiant officer intentionally or recklessly made false or misleading statements or omissions in support of the warrant; and (2) that at least one false or misleading statement or omission was material, *i.e.*, "necessary to finding probable cause." *United States v. Perkins*, 850 F.3d 1109, 1116 (9th Cir. 2017) (quoting *United States v. Martinez-Garcia*, 397 F.3d 1205, 1214–15 (9th Cir. 2005)). Morris did not argue that the alleged omissions or misstatements were material. "[O]n appeal, arguments not raised by a party in its opening brief are deemed waived." *Oracle USA, Inc. v. Rimini Street, Inc.*, 879 F.3d 948, 957 (9th Cir. 2018) (internal citation and quotation marks omitted).

Finally, Morris argues that state law enforcement did not comply with Fed. R. Crim. P. 41. But the Federal Rules apply only to searches that are "federal in character." *United States v. Palmer*, 3 F.3d 300, 303 (9th Cir. 1993). Because Morris did not show that state law enforcement officials anticipated Morris would be federally prosecuted at the time of the search, he did not show that the warrant requirements of Fed. R. Crim. P. 41 apply. *Id.*

**AFFIRMED.**