**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 22-10050 |
| Plaintiff-Appellee, | D.C. No. 2:17-cr-00042-APG-DJA-1 |
| v. | |
| SHAMARIAE MARSHON JONES, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Nevada
Andrew P. Gordon, District Judge, Presiding

Argued and Submitted June 6, 2023
San Francisco, California

Before: MILLER and KOH, Circuit Judges, and CHRISTENSEN,[**] District Judge.

Shamariae Jones appeals his convictions and sentence for conspiracy to commit bank robbery, in violation of 18 U.S.C. § 371 (Count 2); bank robbery of a Citibank branch, in violation of 18 U.S.C. § 2113(a) (Count 5); bank robbery of a

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The Honorable Dana L. Christensen, United States District Judge for the District of Montana, sitting by designation.

Chase Bank branch, in violation of 18 U.S.C. § 2113(a) (Count 9); and brandishing a firearm during the Chase Bank robbery, in violation of 18 U.S.C. § 924(c) (Count 10). As the parties are familiar with the facts of this case, we do not recite them here. We have jurisdiction under 28 U.S.C. § 1291. We affirm Jones's convictions, vacate his sentence as to Count 2, and remand for the district court to resentence on Count 2.

**1.** The evidence was sufficient to convict Jones on all four counts. "We review de novo whether sufficient evidence supports a conviction, asking whether, 'viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *United States v. Moalin*, 973 F.3d 977, 1006 (9th Cir. 2020) (quoting *United States v. Chung*, 659 F.3d 815, 823 (9th Cir. 2011)). We "may not usurp the role of the finder of fact by considering how it would have resolved the conflicts, made the inferences, or considered the evidence at trial." *United States v. Nevils*, 598 F.3d 1158, 1164 (9th Cir. 2010) (en banc). "Rather, when 'faced with a record of historical facts that supports conflicting inferences' a reviewing court 'must presume—even if it does not affirmatively appear in the record—that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution.'" *Id.* (quoting *Jackson v. Virginia*, 443 U.S. 307, 326 (1979)).

**a. Count 2.** Sufficient evidence supports Jones's conviction for conspiracy to commit bank robbery. The jury heard evidence that just after the Chase Bank robbery, law enforcement officers observed Jones driving into codefendant Edwin Arnold's apartment complex, backing up the car into a parking spot in front of Arnold's residence, and moving to the back seat. Although the officers could not discern what Jones was doing in the back seat, he remained there for several minutes. Subsequently, Jones exited the car and opened the trunk, from which Arnold emerged without a shirt on. Jones and Arnold then entered Arnold's residence together, where they were arrested. Shortly after his arrest, Jones confessed that the $500 to $600 in cash found on his person "came from earlier that day." Upon searching the car, law enforcement officers found in the trunk the loaded chrome gun brandished by Arnold during the Chase Bank and Citibank robberies, as well as the hat worn by Arnold during the Chase Bank robbery. Additionally, compatible ammunition was found in the back seat.

Viewing this evidence in the light most favorable to the government, a rational jury could find that Jones committed conspiracy to commit bank robbery. *See United States v. Corona-Verbera*, 509 F.3d 1105, 1117 (9th Cir. 2007) (explaining that "circumstantial evidence that the defendants acted with a common goal is sufficient . . . to prove agreement, and agreement may be inferred from conduct, express agreement is not necessary"); *see also id.* (explaining that, when a

conspiracy exists, "evidence which establishes beyond a reasonable doubt that a defendant is even slightly connected with the conspiracy is sufficient to convict" (citation omitted)).

**b. Count 9.** In turn, Jones's conviction for the Chase Bank robbery may be upheld under a *Pinkerton* theory of liability, which "'renders all co-conspirators criminally liable for reasonably foreseeable overt acts committed by others in furtherance of the conspiracy.'" *United States v. Nosal*, 844 F.3d 1024, 1040 (9th Cir. 2016) (quoting *United States v. Bingham*, 653 F.3d 983, 997 (9th Cir. 2011)). Given that a rational jury could find that Jones conspired with Arnold to commit the Chase Bank robbery, and Arnold then committed that robbery, sufficient evidence supports Jones's conviction based on *Pinkerton* liability. *See Pinkerton v. United States*, 328 U.S. 640, 647 (1946) ("The unlawful agreement contemplated precisely what was done. It was formed for the purpose. The act done was in execution of the enterprise.").

**c. Count 5.** Sufficient evidence also supports Jones's conviction for the Citibank robbery. During deliberation, the jury viewed a surveillance video from the Citibank robbery depicting Arnold and another robber. The jury was able to compare the appearance of the robber shown in the video with that of Jones in a booking photograph. In addition, the jury had the opportunity to view Jones during the trial. Moreover, there was strong circumstantial evidence of Jones's

4

association with Arnold, as discussed above with respect to Count 2, that further linked Jones to the Citibank robbery. Taken together and viewed under the highly deferential standard of review, the evidence was sufficient to support Jones's conviction for the Citibank robbery.

    **d. Count 10.** Finally, there was sufficient evidence to support Jones's conviction for brandishing a firearm during the Chase Bank robbery. "Although [Jones] did not himself use, carry, or possess a gun in furtherance of the robbery, he could be convicted as a co-conspirator" under *Pinkerton* liability. *United States v. Allen*, 425 F.3d 1231, 1234 (9th Cir. 2005). Because sufficient evidence established that Jones participated in the Citibank robbery with Arnold, during which Arnold conspicuously brandished a firearm, a rational jury could find that Jones could have reasonably foreseen that Arnold would brandish a firearm during the Chase Bank robbery 16 days later. *See id.* ("[T]he government 'is not required to establish that [the defendant] had actual knowledge of the gun[]'; rather, '[t]he touchstone is foreseeability.'" (quoting *United States v. Hoskins*, 282 F.3d 772, 776 (9th Cir. 2002))).

    **2.** The pretrial delay did not violate Jones's Sixth Amendment right to a speedy trial. Whether a pretrial delay violates the Sixth Amendment is governed by an "'ad hoc' balancing of factors including the '[l]ength of delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant.'"

5

*United States v. Walker*, 68 F.4th 1227, 1238 (9th Cir. 2023) (quoting *Barker v. Wingo*, 407 U.S. 514, 530 (1972)).

The approximately 52-month delay was "not dispositively unconstitutional," as "courts have held much longer delays than the one here permissible under the Speedy Trial Clause." *United States v. Lonich*, 23 F.4th 881, 894 (9th Cir. 2022). Although the delay was lengthy, it is ultimately outweighed by the other *Barker* factors.

First, the reason for the delay is "'the focal inquiry' of the *Barker* analysis." *Id.* at 896 (quoting *United States v. Alexander*, 817 F.3d 1178, 1182 (9th Cir. 2016) (per curiam)). Here, Jones stipulated to over 44 months of the delay. *See United States v. King*, 483 F.3d 969, 976 (9th Cir. 2007). Additionally, the seven-month delay to which Jones did object was caused by the COVID-19 pandemic. Because "[t]he pandemic, not the prosecution, caused the delay," this factor does not favor Jones. *Walker*, 68 F.4th at 1238; *see also id.* at 1239.

Second, Jones was not "insistent about his right to a speedy trial." *Id.* Aside from the seven months of delay to which Jones objected, which were necessitated by the COVID-19 pandemic, Jones "acquiesced in and sought continuances" totaling over 44 months. *King*, 483 F.3d at 976. As such, this factor also does not favor Jones.

Lastly, Jones makes no argument that the delay caused any "legal prejudice"

to his defense. *Walker*, 68 F.4th at 1239. "'[T]here is no claim that any of [Jones's] witnesses died or otherwise became unavailable owing to the delay.'" *Id.* (quoting *Barker*, 407 U.S. at 534). Nor does Jones claim any "'lapses of memory' which might have been 'significant to the outcome' of his case." *Id.* (quoting *Barker*, 407 U.S. at 534). Thus, this factor does not favor Jones.

In sum, the *Barker* factors weigh against finding a violation of Jones's Sixth Amendment right.

**3.** As the government concedes in its Rule 28(j) letter, the district court committed reversible plain error by imposing a 78-month sentence on Count 2 because the maximum sentence for a violation of 18 U.S.C. § 371 is five years. *See Lillard v. United States*, 57 F.4th 729, 736–37 (9th Cir. 2023) (holding that a sentence exceeding the applicable statutory maximum satisfies the plain error test, even if that sentence runs concurrently with a valid sentence of equal or longer length). Accordingly, we vacate Jones's sentence on Count 2 and remand only for the district court to resentence on this count within the statutorily permissible range. *See id.* at 738.

**4.** Finally, Jones's sentence was substantively reasonable. We review the substantive reasonableness of a sentence for abuse of discretion. *United States v. Wilson*, 8 F.4th 970, 977 (9th Cir. 2021) (per curiam). We "should only vacate a sentence if the district court's decision not to impose a lesser sentence was

illogical, implausible, or without support in inferences that may be drawn from the facts in the record." *Id.* at 978 (quoting *United States v. Laurienti*, 731 F.3d 967, 976 (9th Cir. 2013)).

Jones contends that his sentence was substantively unreasonable because of an alleged disparity between his sentence and Arnold's. However, Jones's reliance on 18 U.S.C. § 3553(a)(6) is misplaced, as "Congress's primary goal in enacting § 3553(a)(6) was to promote national uniformity in sentencing rather than uniformity among co-defendants in the same case." *United States v. Saeteurn*, 504 F.3d 1175, 1181 (9th Cir. 2007) (citation omitted). In any event, there was no sentence disparity here because Jones's low-end Guidelines sentence was less than half of Arnold's.

Although Jones asserts that § 3553(a)(6) requires that he be given the same sentence as Arnold on each of the bank robbery and conspiracy counts, Jones cites no legal authority to support this theory. Moreover, the district court reasonably declined to equalize sentences across individual counts in light of the different overall sentences that Jones and Arnold faced. Whereas Arnold was subject to a mandatory minimum of 28 years for four § 924(c) counts, Jones was only subject to a mandatory minimum of seven years for one § 924(c) count. It was within the district court's discretion to consider the interplay between § 924(c)'s mandatory minimums and the other counts in imposing just, individualized sentences for

8

Jones and Arnold.  Such an approach is routine when crafting sentencing packages, as a district court "imposing a sentence on one count of conviction" is "permit[ted] . . . to consider sentences imposed on other counts."  *Dean v. United States*, 581 U.S. 62, 67 (2017).  Indeed, "[n]othing . . . prevents a sentencing court from considering a mandatory minimum under § 924(c) when calculating an appropriate sentence for the predicate offense."  *Id.* at 71.  Therefore, the district court did not abuse its discretion.

**AFFIRMED IN PART, VACATED IN PART, and REMANDED.**